IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| William R. Kowalski; Hawaii International Seafood, Inc., | ) ) ) | Civ. No. 11-00795 HG-RLP |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| Anova Food, LLC; Anova Food, Inc.; Clearsmoke Technologies, Ltd; DOES 1-10, | ) ) ) ) | |
| Defendants. | | |

**ORDER GRANTING DEFENDANT CLEARSMOKE TECHNOLOGIES, LTD.'S MOTION TO VACATE ENTRY OF DEFAULT AND QUASH SERVICE**
**AND**
**DENYING ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION (DOC. 29)**

On January 2, 2012, Plaintiffs William R. Kowalski and Hawaii International Seafood, Inc. ("Plaintiffs") filed a four-count First Amended Complaint asserting claims for patent infringement in violation of 35 U.S.C. § 271 (Count 1), unfair competition and/or deceptive trade practices under 15 U.S.C. § 1125(a) (Count 2), unfair methods of competition under Hawaii Revised Statute ("H.R.S") § 480-2 (Count 3), and unfair and deceptive trade practices in violation of H.R.S. § 481A-3 (Count 4). (Doc. 6). The Plaintiffs allege that Defendants Anova Food, LLC ("Anova LLC"), Anova Food, Inc. ("Anova Inc."), and Clearsmoke Technologies, Ltd. ("Clearsmoke") have infringed a patent that covers a process for treating food with smoke without

1

the food retaining smoke taste or odor, and falsely represented that the food has been processed with a non-infringing process.

On March 23, 2012, the Clerk of the Court issued an Entry of Default for Defendant Clearsmoke. (Doc. 23-2). On April 5, 2012, Defendant Clearsmoke filed a Motion to Vacate Entry of Default, Quash Service, and Dismiss First Amended Complaint. (Doc. 29).

The Motion to Vacate Entry of Default and Quash Service is **GRANTED.** The Motion to Dismiss for lack of personal jurisdiction is **DENIED.**

## PROCEDURAL HISTORY

On December 19, 2011, Plaintiffs William R. Kowalski and Hawaii International Seafood, Inc. ("Plaintiffs") filed a Complaint. (Doc. 1).

On January 2, 2012, the Plaintiffs filed a First Amended Complaint. (Doc. 6).

On March 23, 2012, the Plaintiffs filed a Request for Entry of Default Against Defendant Clearsmoke Technologies, Ltd. (Doc. 23).

On the same date, the Clerk of the Court entered Default against Defendant Clearsmoke Technologies, Ltd. (Doc. 23-2).

On April 5, 2012, Defendant Clearsmoke Technologies, Ltd. filed a Motion to Vacate Entry of Default, Quash Service, and Dismiss First Amended Complaint. (Doc. 29).

On April 12, 2012, Defendant Anova Food, LLC filed a Statement of No Opposition to the Motion. (Doc. 33).

On the same date, Defendant Anova Food, Inc. filed a Statement of No Opposition to the Motion. (Doc. 35).

On April 23, 2012, the Plaintiffs filed an Opposition, along with Declarations of William R. Kowalski, Sheree Belshe, Milton M. Yasunaga, and Exhibits 1-41. (Doc. 39).

On April 24, 2012, the Plaintiffs filed a Motion for Order Allowing Service Upon Clearsmoke Technologies, Ltd.'s U.S. Counsel. (Doc. 41).

On May 2, 2012, the Plaintiffs filed a Declaration of Milton M. Yasunaga and Exhibits 42-52 to their Opposition. (Doc. 44).

On May 7, 2012, Defendant Clearsmoke Technologies, Ltd. filed Evidentiary Objections to the Plaintiff's evidence. (Doc. 51).

On the same date, Defendant Clearsmoke Technologies, Ltd. filed a Reply in support of its Motion to Vacate Entry of Default, Quash Service, and Dismiss First Amended Complaint. (Doc. 52).

On May 9, 2012, the Plaintiffs filed a Motion for Consideration of New Information and Corresponding Enlargement of Time regarding their Opposition, additional Exhibits 53-56, and Certificate of Compliance with Local Rule 7.5. (Doc. 57).

On May 10, 2012, the Court issued an Order granting the

Motion for Consideration of New Information and Corresponding
Enlargement of Time regarding their Opposition, and allowing the
Defendants an opportunity to respond to the evidence cited
therein. (Doc. 59).

On May 21, 2012, the Plaintiffs filed a Response to
Defendant Clearsmoke Technologies, Ltd.'s Evidentiary Objections.
(Doc. 61).

On May 25, 2012, Defendant Clearsmoke Technologies, Ltd.
filed a Response to the Plaintiff's new information. (Doc. 67).

On June 8, 2012, the Plaintiffs filed a Reply in Support of
their new information. (Doc. 76).

On the same date, the Plaintiffs filed a Signed Declaration
of Charles Umamoto in support of the Reply. (Doc. 78). An
unsigned copy of the Declaration had been attached to the Reply.

Pursuant to Local Rule 7.2(d), the Court elected to decide
the Motion without a hearing.


**BACKGROUND**

The Plaintiffs allege that Defendants Anova Inc., Anova LLC,
and Clearsmoke have processed, imported, offered to sell, or sold
food made with a process covered by a Patent owned by Plaintiffs,
without authorization. (First Amended Complaint at ¶ 8 (Doc. 6)).
Plaintiffs also allege that the Defendants have advertised and
sold fish that they falsely described as fish that had not been

processed in a manner covered by the Patent. (<u>Id.</u> at ¶ 14).

According to the Plaintiffs, Clearsmoke Technologies, Inc. made patent-infringing smoke that was used on Anova Inc.'s fish, and helped to promote Anova Inc.'s fish and the process used on it. (<u>Id.</u> at 6). Plaintiffs allege that Defendant Clearsmoke Technologies, Ltd. ("Clearsmoke") is a successor company to Clearsmoke Technologies, Inc. (<u>Id.</u>). Defendant Anova Food, LLC ("Anova LLC") maintains that it is a company that has taken over the business and assets of Anova Inc. Plaintiffs believe Anova Inc. must still be operating. (<u>Id.</u>). Plaintiffs claim that Anova Inc., Anova LLC, and Clearsmoke are related companies with common owners and staff. (<u>Id.</u>).

Clearsmoke contends that it has not been served with the Complaint and Summons. The Plaintiffs filed an affidavit from a process server, Jamie Snyder, who declares that she served Clearsmoke by delivering the Complaint and Summons to Scott Purinton. Clearsmoke claims that Purinton is not authorized to accept service on its behalf.

**STANDARD**

**I.   Service of Process**

Service of process "is the means by which a court asserts its jurisdiction over the person." <u>SEC v. Ross</u>, 504 F.3d 1130, 1138 (9th Cir. 2007). To accomplish service of process, a

plaintiff must serve a summons and complaint in accordance with
the requirements of Federal Rule of Civil Procedure 4. Id.  Even
when a defendant has "actual notice, the manner of service of
process must substantially comply with Rule 4 requirements."
Crane v. Battelle, 127 F.R.D. 174, 177 (S.D. Cal. 1989).

    The burden of proving service is generally on the Plaintiff.
See SEC v. Internet Solutions for Business, Inc., 509 F.3d 1161,
1165 (9th Cir. 2007).  While a process server's affidavit is
prima facie evidence of service, that evidentiary presumption can
be overcome by "strong and convincing evidence." SEC v. Internet
Solutions for Business, Inc., 509 F.3d 1161, 1163 (9th Cir.
2007).  When a court finds that proper service has not been
accomplished, the remedy "is to quash service and require [the]
plaintiff to effect proper service." Agricola ABC, S.A. de C.V v.
Chiquta Fresh North Am., LLC, 2010 WL 4809641, at *4 (S.D. Cal.
2010).


## II.  Personal Jurisdiction

    In patent infringement cases, district courts apply the law
of the Federal Circuit to determine whether the exercise of
personal jurisdiction is proper "because the jurisdictional issue
is intimately involved with the substance of the patent laws."
Autogenomics, Inc. v. Oxford Gene Tech, Ltd., 566 F.3d 1012, 1016
(Fed. Cir. 2009) (internal quotation marks omitted); see also

<u>Hildebrand v. Steck Mfg. Company, Inc.</u>, 279 F.3d 1351, 1354 (Fed. Cir. 2002).

Determining whether personal jurisdiction is proper involves two inquiries: (1) "whether a forum state's long-arm statute permits service of process," and (2) "whether assertion of personal jurisdiction violates due process." <u>Genetic Implant</u>, 123 F.3d at 1458 (citing <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 471-76 (1985)). Hawaii's long-arm statute allows personal jurisdiction to service on a defendant to the full extent permissible by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. H.R.S. § 634-35; <u>Cisnerso v. Trans Union, LLC</u>, 293 F.Supp.2d 1156, 1164 (D. Haw. 2003). As Hawaii's long-arm statute "is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process." <u>Inamed Corp. v. Kuzmak</u>, 249 F.3d 1356, 1360 (Fed. Cir. 2001).

Personal jurisdiction may be either general or specific. <u>Autogenomics</u>, 566 F.3d at 1017. General jurisdiction "requires that the defendant have 'continuous and systematic' contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." <u>Id.</u> (quoting <u>Silent Drive</u>, 326 F.3d at 1200)). Specific jurisdiction may be exercised where:

> (1) the defendant purposefully directed its activities
> at residents of the forum, (2) the claim arises out of

or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair.

Id. (quoting Breckenridge Pharm, Inc. v. Metabolite Labs, Inc., 444 F.3d 1356, 13634 (Fed. Cir. 2006)).

If the parties have not conducted discovery, the plaintiff "need only make a prima facie showing" that the defendant is subject to personal jurisdiction. Avocent, 552 F.3d 1324, 1328 (quoting Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003)). The district court must "accept the *uncontroverted* allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." Elecs. for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

**ANALYSIS**

Defendant Clearsmoke Technologies, Ltd. ("Clearsmoke") Moves to Vacate Entry of Default, Quash Service, and Dismiss for lack of personal jurisdiction. The Court first considers whether Clearsmoke was properly served, and then considers whether Clearsmoke would be subject to personal jurisdiction if it had been served.

**I. Service of Process**

Clearsmoke argues that the default entered against it should

be vacated because it was never served. A summons and complaint must be served in accordance with the requirements of Federal Rule of Civil Procedure 4. Even when a defendant has "actual notice, the manner of service of process must substantially comply with Rule 4 requirements." Crane v. Battelle, 127 F.R.D. 174, 177 (S.D. Cal. 1989). The burden of proving service is generally on the Plaintiff. See SEC v. Internet Solutions for Business, Inc., 509 F.3d 1161, 1165 (9th Cir. 2007).

The Plaintiffs filed an affidavit from a process server, Jamie Snyder, who declares that she served Clearsmoke by delivering the Complaint and Summons to Scott Purinton, an individual who is "authorized to accept" service on behalf of Clearsmoke. (Doc. 12). Rule 4 authorizes service on a company by delivering the summons and complaint to an officer, managing or general agent, or any other agent authorized to receive service of process. Fed. R. Civ. P. 4(h)(1)(B).

While a process server's affidavit is prima facie evidence of service, that evidentiary presumption can be overcome by "strong and convincing evidence." SEC v. Internet Solutions for Business, Inc., 509 F.3d 1161, 1163 (9th Cir. 2007). Clearsmoke contends that Purinton has never been its employee or agent, and is not authorized to accept service on its behalf. Clearsmoke submitted a Declaration of Purinton, who avers that he has no connection to Clearsmoke, and that he expressly told Snyder that

he could not accept service for Clearsmoke. (Declaration of Scott
Purinton, attached to Clearsmoke's Motion (Doc. 29-2)).
Clearsmoke claims that it is a Malta company and has no offices
in the United States. Purinton's Declaration constitutes "strong
and convincing evidence" that Clearsmoke was not served. See
Surefire, LLC v. Casual Home Worldwide, Inc., 2012 WL 2417313, at
*2 (S.D. Cal. 2012).

     The Plaintiffs argue that the process server's affidavit is
credible because there is evidence that Clearsmoke previously
shared an office address with the Anova company in the State of
Georgia. The Plaintiffs have not, however, submitted any
evidence that controverts Purinton's claims that he is not
Clearsmoke's agent and expressly told the process server that he
could not accept service on its behalf. As the burden of proof
is on the Plaintiffs, and Clearsmoke has provided convincing
evidence that it was not served, the Court finds that the
Plaintiffs have failed to properly serve Clearsmoke in accordance
with Rule 4.

     When a court finds that proper service has not been
accomplished, the remedy "is to quash service and require [the]
plaintiff to effect proper service." Agricola ABC, S.A. de C.V v.
Chiquta Fresh North Am., LLC, 2010 WL 4809641, at *4 (S.D. Cal.
2010). The Plaintiffs have requested leave to provide alternate
methods of service, and have filed a Motion for Order Allowing

Service on Clearsmoke's United States counsel.  The Plaintiff's request for alternate service will be addressed in a separate order resolving that motion.

Clearsmoke's Motion to Vacate Entry of Default and Quash Service is **GRANTED.**  The Plaintiffs' attempted service is ordered **QUASHED.**  The March 23, 2012 Entry of Default against Clearsmoke is **VACATED.**


## II.  Personal Jurisdiction

Clearsmoke contends that it has not purposefully directed any activities at Hawaii or Hawaii residents, and lacks the minimum contacts with the state necessary for the exercise of personal jurisdiction to comport with the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.[1]

Due process requires that defendants have "minimum contacts

---

[1] In a "federal question case [in which] a federally created right is at issue, we examine due process in light of the fifth amendment rather than the fourteenth amendment." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1389 n. 2 (8th Cir. 1991).  Although this is a federal question case, the Fourteenth Amendment is also involved in that determining whether personal jurisdiction is present requires examining the forum state's long-arm statute. Genetic Implant, 123 F.3d at 1458. Hawaii's long-arm statute permits personal jurisdiction to the full extent permitted by the Fourteenth Amendment.  The due process inquiry in this case therefore concerns the protections provided by the Due Process Clauses of both the Fifth and Fourteenth Amendments, collapsing into a single inquiry.

with the forum state, so that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." <u>Am. Nat'l Red Cross</u>, 112 F.3d at 1050 (citing <u>Int'l Shoe Co. v. Wash.</u>, 326 U.S. 310, 316 (1945)). If a defendant's contacts with the forum state are "continuous and systematic," general jurisdiction may be exercised. <u>Red Wing Shoe</u>, 148 F.3d at 1359. If the defendant has purposefully directed its activities to the forum state and the plaintiff's cause of action arises from those activities, specific jurisdiction may be exercised if it would be reasonable. <u>HolleyAnne Corp. v. TFT,Inc.</u>, 199 F.3d 1304, 1307-08 (Fed. Cir. 1999).

**A.  General Personal Jurisdiction**

To be subject to general jurisdiction, Clearsmoke must have "continuous and systematic general business contacts" with the State of Hawaii. <u>Autogenomics</u>, 566 F.3d at 1017 (quoting <u>Helicopteros</u>, 466 U.S. at 416)). "[S]poradic and insubtantial contacts with the forum state . . . are not sufficient to establish general jurisdiction . . . ." <u>Campbell Pet Co. v. Miale</u>, 542 F.3d 879, 884 (Fed. Cir. 2008).

Clearsmoke states that it is a company that was organized under the laws of Malta in 2006, but has been "effectively defunct" for over a year and a half. (Motion at 8 (Doc. 29-1)).

Clearsmoke claims that it has never done business in Hawaii (nor in the United States), has no employees or agents in Hawaii, and has never shipped products or performed services in Hawaii. Before ceasing business operations, Clearsmoke states that it made filtered wood smoke that it sold to seafood producers in countries outside the United States. Clearsmoke states that it also sometimes trained those seafood producers in how to apply the smoke to fish. Clearsmoke submitted Declarations from Dimas Wibowo, its sole shareholder, and Blane Olson, a prior Clearsmoke Director, in support. (Declaration of Dimas Wibowo (Doc. 29-5); Declaration of Blane Olson (Doc. 29-4)).

The Plaintiffs claim that Clearsmoke is subject to general jurisdiction in Hawaii because products made with its "Clearsmoke" smoke are sold at Sam's Club supermarkets and at Outback Steakhouse restaurants. Such contacts are insufficient to subject Clearsmoke to general jurisdiction in the state. The standard for general jurisdiction, in which a party can be subjected to jurisdiction based on acts that are unrelated to its contacts with the forum, is "fairly high." <u>Helicopteros Nacionales de Columbia, S.A. v. Hall</u>, 466 U.S. 408, 414 (1984). To be subject to general jurisdiction, a company must have "continuous and systematic general business contacts." <u>Id.</u> at 415-16. Here, Plaintiffs claim that Clearsmoke is subject to personal jurisdiction based on a "stream of commerce" theory, by

selling products to third-parties who in turn have sold the products in Hawaii.  The Federal Circuit has stated that it is "unclear whether contacts based solely on the 'stream of commerce' may suffice to establish *general* jurisdiction," and has pointed out that the "Fifth Circuit, for example, has held that such contacts will not support a finding of general jurisdiction." <u>Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.</u>, 552 F.3d 1324, 1331 (Fed. Cir. 2008) (citing <u>Bearry v. Beech Aircraft Corp.</u>, 818 F.2d 370, 375 (5th Dir. 1987)).

It is clear, however, that if a party is to be haled into a forum for reasons that are wholly unrelated to its contacts with the forum, such contacts must be substantial. <u>Id.</u>; <u>Helicopteros</u>, 466 U.S. at 414.  Plaintiffs claim that Clearsmoke has sold smoke companies who have in turn sold fish made with the smoke in Hawaii, but Plaintiffs do not claim that Clearsmoke continuously and systematically does business in Hawaii.  The stream-of-commerce contacts identified by Plaintiffs are insufficient to confer general jurisdiction. <u>See</u> <u>Campbell Pet Co. Miale</u>, 542 F.3d 879, 993 (Fed. Cir. 2008) (no general jurisdiction over defendants who directly made 12 sales to customers in the forum state); <u>Avocent</u>, 552 F.3d at 1328 (no general jurisdiction based on defendant's products being available for sale in the forum under a "stream of commerce" theory).

**B.    Specific Jurisdiction**

Specific jurisdiction may be exercised where:

(1) the defendant purposefully directed its activities
at residents of the forum, (2) the claim arises out of
or relates to those activities, and (3) assertion of
personal jurisdiction is reasonable and fair.

<u>Avocent</u>, 552 F.3d at 1332 (quoting <u>Breckenridge Pharmaceutical,</u>

<u>Inc. v. Metabolite Laboratories, Inc.</u> 444 F.3d 1356, 1363 (Fed.

Cir. 2006)).  "With respect to the last prong, the burden of

proof is on the defendant, which must 'present a compelling case

that the presence of some other considerations would render

jurisdiction unreasonable.'" <u>Breckenridge</u>, 444 F.3d at 1363

(quoting <u>Akro</u>, 45 F.3d at 1545-46).

**1.    Specific Jurisdiction Factor 1: Purposefully
        Directed Activities**

The Plaintiffs claim that Clearsmoke and the other

Defendants, acting in consort, have shipped large quantities

(thousands of multi-pound bags) of patent-infringing products to

Hawaii through intentionally established distribution channels.

The Plaintiffs claim that the products are sold in packaging that

is labeled with the "Clearsmoke" trademark.  The Plaintiffs also

claim that Clearsmoke and the other Defendants have solicited

sales of patent-infringing fish to Hawaii companies and sold fish

directly to a Hawaii supermarket.

The Plaintiffs' Opposition to Clearsmoke's Motion to Dismiss

is largely the same as the Opposition the Plaintiffs filed to Defendants Anova LLC and Anova Inc.'s Motions to Dismiss. The Plaintiffs frequently refer to "Defendants" without distinguishing between them, as if their actions were all imputable to each other. Although there is evidence that Clearsmoke, Anova LLC, and Anova Inc. may share common owners and employees, the Plaintiffs have not argued that they are alter egos of each other or presented legal authority that shows their actions are imputable to each other. Some of the evidence cited by Plaintiff to support personal jurisdiction over Clearsmoke does not show a link to Clearsmoke. For example, the Plaintiffs submitted a Declaration of Gary Ishimoto, the President of Diamond Head Seafood Wholesale, Inc. Ishimoto states, "From time to time over the years Anova Food contacted me to see if Diamond Head Seafood was interested in buying Clearsmoke frozen fish from Anova . . . ." (Declaration of Gary Ishimoto at ¶ 2, attached to Plaintiffs' Motion for Consideration of New Information and Corresponding Enlargement of Time at ¶ 3 (Doc. 57-3)). Ishimoto references communications with "Anova Food," but never mentions communications or contacts with Clearsmoke, Ltd. Only the evidence that reflects purposefully direct activities on the part of Clearsmoke is considered in the following discussion.

**Distribution Channels**

The Plaintiffs submitted evidence that thousands of multi-pound bags of fish made with Clearsmoke's smoke are sold at Sam's Club supermarkets in Hawaii, in packaging labeled with the "Clearsmoke" trademark.  The Plaintiffs also submitted evidence that fish made with Clearsmoke smoke may be sold at Outback Steakhouse and Ruth's Chris restaurants in Hawaii.  The Plaintiffs also claim that fish made with Clearsmoke has been sold at Foodland supermarkets in Hawaii.

Clearsmoke does not dispute that large quantities of fish products made with its smoke are sold in Hawaii.  Clearsmoke also does not dispute that thousands of such products are sold at Hawaii Sam's Club supermarkets in packaging that is labeled with the "Clearsmoke" trademark.  Clearsmoke argues that these facts are insufficient to confer jurisdiction over it because the products were shipped to the state and sold there by third parties over whom Clearsmoke exercises no control or direction. Clearsmoke contends that it sells its smoke only to seafood suppliers outside the United States.  According to Clearsmoke, the suppliers in turn sell the smoke-treated seafood to the Anova companies.  The Anova companies then sell the products to customers in the mainland United States, including Odyssey. According to Clearsmoke, Odyssey sells fish to Sam's Club in the mainland United States, and Sam's Club then ships the products to its Hawaii stores.

Personal jurisdiction may be present in a patent

infringement action in a forum where a company distributes
products through third-parties, even though the company does not
itself directly sell products in the state. Beverly Hills Fan Co.
v. Royal Sovereign Corp., 21 F.3d 1558 (Fed. Cir. 1994). In
Beverly Hills Fan, the Defendants were accused of selling patent-
infringing fans in Virginia. One of the Defendants, Ultec, was a
Chinese company that manufactured the accused fans in Taiwan.
The other Defendant, Royal, was a New Jersey company that
imported and distributed the fans in the United States. The
Plaintiffs submitted evidence that 52 of the accused fans were
available for sale at a retailer in Virginia. The evidence also
showed that the fans were accompanied by a manual that identified
Royal as the source, and a warranty that indicated it would be
honored by Royal. The Court of Appeals held that this evidence
was sufficient to show that the Defendants had "ongoing
relationships" with the retailer, from which it could be inferred
that a distribution channel was "intentionally established, and
that the defendants knew, or reasonably could have foreseen, that
a termination point of the channel was Virginia." Id. at 1564.
As a result, the defendants were held to have purposefully
availed themselves of the forum and were subject to personal
jurisdiction there.

There is more evidence of an ongoing relationship between
Clearsmoke and forum state retailers in this case than there was
evidence of such a connection in Beverly Hills Fan. First, there

is no dispute that thousands of packages of fish made with Clearsmoke smoke is sold at Hawaii Sam's Club supermarkets, far more than the mere 52 fans at issue in Beverly Hills Fan. Second, there is no dispute that the fish is sold in packaging that clearly displays the "Clearsmoke" trademark.

In this case, moreover, there is also evidence that Clearsmoke was involved in directly soliciting sales to Hawaii companies, which provides further evidence of purposefully directing distribution efforts to Hawaii. The Plaintiffs submitted copies of email correspondence between Hilo Fish Co. and Tropic Fish Hawaii, LLC, both Hawaii fish companies, and Clearsmoke representative Blane Olson. In a Declaration submitted by Clearsmoke, Olson states that he was a "Director" of Clearsmoke "on and off until December 2010." (Declaration of Blane Olson (Doc. 29-4)). In the emails, Olson discusses a potential sale of Anova fish, and Olson states that he will send samples. (Exhibit 53, 56 attached to Plaintiffs' Motion for Consideration of New Information (Doc. 57-)). The emails do not indicate Olson's title or the company he works for, but his email address ends with "@clearsmoke.com." The Plaintiffs submitted a copy of a Declaration signed by Olson, in which he states that he has done work for "both Clearsmoke and Anova marketing programs." (Exhibit 48 (Doc. 44-8)). The Plaintiffs also submitted a copy of the transcript of a trial in which Anova Inc. was the defendant, and whose attorney stated, in his opening statement:

"Clearsmoke Limited is Anova, Inc.'s sister company that works with Anova, Inc. to process and sell Clearsmoke branded tuna to Anova, Inc.'s customers. There is no secret about Blane Olson participating [sic] and serving the Anova, Inc. customer because it is a process where the two companies have to work together." (Exhibit 51 (Doc. 44-11)).

When the evidence is viewed as a whole and in the light most favorable to the Plaintiffs, it shows that Clearsmoke has purposefully directed commercial activities at the State of Hawaii. Although Clearsmoke argues that it did not control the third-parties who distributed products made with its smoke or require them to sell products in Hawaii, there is no requirement that a company maintain strict control over its distributers in order for it to be subject to personal jurisdiction in the locations where its products are sold. See Beverly Hills Fan, 21 F.3d 1558.

### 2. Specific Jurisdiction Factor 2: Claim Arises Out of Purposefully Directed Activities

The second prong of the specific jurisdiction test requires that the Plaintiffs' claims arise out of the Defendants' purposefully directed activities. 3D Systems, 160 F.3d at 1378. Here, the Plaintiffs have alleged that Clearsmoke has engaged in patent infringement by selling, offering to sell, and assisting others in selling and offering to sell products through

intentionally established distribution channels.  Selling and
offering to sell products constitutes patent infringement.
HollyAnned Corp. v. TFT, Inc., 199 F.3d 1304, 1308 (Fed. Cir.
1999).  The Plaintiffs submitted evidence that fish made with
Clearsmoke smoke is sold in large quantities in Hawaii, in
packaging labeled with the "Clearsmoke" trademark.  The
Plaintiffs also submitted evidence that Blane Olson, an
individual who worked for Clearsmoke, directly solicited sales of
fish made with Clearsmoke's smoke to Hawaii companies.
Plaintiffs' patent infringement claims arise from Clearsmokes's
alleged sales and offers to sell its products in the forum.  The
second prong of the specific jurisdiction test is satisfied.


### 3. Specific Jurisdiction Factor 3: Reasonable and Fair to Exercise Jurisdiction

The third prong of the specific jurisdiction test asks
whether it would be "reasonable and fair" to exercise
jurisdiction over the non-resident defendant.  3D Systems, 160
F.3d at 1379-80.  The burden of proving it would be unreasonable
or unfair is on the Defendants, who must "present a compelling
case that the presence of some other considerations would render
jurisdiction unreasonable." Akro, 45 F.3d at 1545-46 (quoting
Burger King, 471 U.S. at 476-77)).  Factors bearing on the
reasonableness inquiry include: "the burden on the defendant, the
forum State's interest in adjudicating the dispute, the

plaintiff's interest in obtaining convenient and effective
relief, the interstate judicial system's interest in obtaining
the most efficient resolution of controversies, and the shared
interest of the several States in furthering fundamental
substantive social policies." Patent Rights Protection Group, LLC
v. Video Gaming Technologies, Inc., 603 F.3d 1364, 1369 (Fed.
Cir. 2010) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462,
476-77 (1945)).

Clearsmoke argues that it would be unreasonable and unfair
to be required to defend itself in Hawaii because the
jurisdiction is far from its home, and it maintains no employees,
offices, or property in the state.  Clearsmoke maintains that its
principal place of business for the last ten years was Bali,
Indonesia.  The Plaintiffs contend that the Plaintiffs have
already litigated numerous similar patent infringement actions in
Hawaii, and that many of the relevant documents are located in
the state.

Clearsmoke has pointed to no reason why it would be
unreasonable or unfair for it to be required to defend itself in
Hawaii other than that it will be more costly because it will
have to ship documents and witnesses to the state.  By its own
admission, Clearsmoke is an international company that is based
in Malta and does most of its business in Indonesia.  The need to
transport documents and witnesses to Hawaii is not a large burden
for a company that is accustomed to conducting business

22

internationally, and it certainly does not outweigh the Plaintiffs' interest in litigating an action in the forum where the patent infringing conduct has allegedly occurred, nor the State of Hawaii's interest in adjudicating a dispute based on activities directed at its residents. A finding that the exercise of jurisdiction would be unreasonable or unfair is "limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." Patent Rights, 603 F.3d at 1369. Transportation costs "are not generally a reason to find jurisdiction unreasonable." Original Creations, Inc. v. Ready America, Inc., 2011 WL 4738268, at *6 (N.D. Ill. 2011) (citing Beverly Hills Fan, 21 F.3d at 1569)). Jurisdiction in Hawaii is reasonable and fair under the circumstances in this case.

Clearsmoke's Motion to Dismiss for lack of personal jurisdiction is **DENIED.**


**CONCLUSION**

Defendant Clearsmoke, Technologies Ltd.'s Motion to Vacate Entry of Default and Quash Service (Doc. 29) is **GRANTED.** Plaintiffs' service is ordered **QUASHED.** The March 23, 2012 Entry of Default against Clearsmoke is **VACATED.**

Defendant Clearsmoke, Technologies Ltd.'s Motion to Dismiss for lack of personal jurisdiction (Doc. 29) is **DENIED.**

IT IS SO ORDERED.

DATED: August 10, 2012, Honolulu, Hawaii.



/S/ Helen Gillmor

_____

Helen Gillmor

United States District Judge

William R. Kowalski; Hawaii International Seafood, Inc. v. Anova Food, LLC; Anova Food, Inc.; Clearsmoke Technologies, Ltd.; DOES 1-10; Civil No. 11-00795 HG-RLP; **ORDER GRANTING DEFENDANT CLEARSMOKE TECHNOLOGIES, LTD.'S MOTION TO VACATE ENTRY OF DEFAULT AND QUASH SERVICE, AND DENYING ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION (DOC. 29).**