IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC., <br><br>           Plaintiffs, <br><br>     vs. <br><br> ANOVA FOOD, LLC; ANOVA FOOD, INC.; CLEARSMOKE TECHNOLOGIES, LTD.; DOES 1-10, <br><br>           Defendants. | CIVIL NO. 11-00795 HG-RLP <br><br> MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR ORDER ALLOWING SERVICE UPON CLEARSMOKE TECHNOLOGIES, LTD.'S U.S. COUNSEL |

MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
MOTION FOR ORDER ALLOWING SERVICE UPON CLEARSMOKE
<u>TECHNOLOGIES, LTD.'S U.S. COUNSEL</u>

Before the Court is Plaintiffs' Motion for Order Allowing Service Upon Clearsmoke Technologies, Ltd.'s U.S. Counsel, filed April 24, 2012 ("Motion").  ECF No. 41.  Defendant Anova Food, LLC filed a Statement of No Position regarding the Motion on May 2, 2012.  ECF No. 43.  Defendant Clearsmoke Technologies, Ltd. ("Clearsmoke") filed its Opposition to the Motion on May 8, 2012.  ECF No. 54.  Defendant Anova Food, Inc. file a Position Statement regarding the Motion on May 8, 2012. ECF No. 55.  Plaintiffs filed their Reply on May 22, 2012.  ECF No. 62.  Pursuant to Local Rule 7.2(d), the Court elected to decide the Motion without a hearing.  ECF No. 42.  For the reasons detailed below, the Court DENIES the Motion.

BACKGROUND

Clearsmoke is organized under the laws of Malta, a signatory to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention").  In the present Motion, Plaintiffs seek an order deeming their prior attempts at service on Clearsmoke's U.S. counsel sufficient.  Mem. in Supp. of Mot. at 4-5, 8-9.  Alternatively, Plaintiffs seek an order under Federal Rule of Civil Procedure 4(f)(3) allowing Plaintiffs to serve Clearsmoke's U.S. counsel in person or by email.  Id.

Before Plaintiffs filed the present Motion, Clearsmoke filed a Motion to Vacate Entry of Default Against Defendant Clearsmoke Ltd., Quash Service, and to Dismiss First Amended Complaint for Lack of Personal Jurisdiction ("Motion to Quash and Dismiss").  ECF No. 29.  Clearsmoke's counsel specially appeared in filing the Motion to Quash and Dismiss to request that the court quash service and dismiss the action based on lack of personal jurisdiction.  Id.  On August 10, 2012, the court issued its order on the Motion to Quash and Dismiss ("August 10 Order").  ECF No. 104.  In the August 10 Order, the court granted Clearsmoke's request to vacate entry of default and quash service.  Id. at 8-11.  The court denied the request to dismiss the action for lack of jurisdiction, ruling that jurisdiction in Hawaii "is reasonable and fair."  Id. at 23.

Plaintiffs assert that they have already attempted to serve Clearsmoke's counsel with the complaint on two occasions. First, Plaintiffs emailed a copy of the complaint to Duane Zobrist, Esq. in January. Mem. in Supp. of Mot. at 3. Mr. Zobrist is an attorney licensed to practice law in Virginia and California. Opp. at 9; Decl. of Zobrist ¶ 1. According to Plaintiffs, Mr. Zobrist called Plaintiffs' counsel to discuss the merits of the present litigation on January 17, 2012. Mem. in Supp. of Mot. at 3. After that conversation, Plaintiffs emailed a copy of the Complaint to Mr. Zobrist. <u>Id.</u> According to the declaration of Mr. Zobrist submitted with the Opposition, Mr. Zobrist is not an agent, officer, or employee of Clearsmoke, is not authorized to accept service on behalf of Clearsmoke, and has never made an appearance before any court on behalf of Clearsmoke. Decl. of Zobrist ¶ 2. However, the Opposition and Mr. Zobrist's declaration do not address the alleged conversation between Mr. Zobrist and Plaintiffs' counsel regarding this litigation on January 17, 2012, or explain the relationship, if any, between Mr. Zobrist and Clearsmoke. Second, Plaintiffs hired a process server to serve the Complaint on Plaintiffs' Hawaii counsel, Andrew L. Pepper, Esq., on April 23, 2012, the day before Plaintiffs filed the present Motion. Mem. in Supp. of Mot. at 4. After Mr. Pepper refused to accept service, the

process server dropped the summons on a chair in Mr. Pepper's office reception area.  Id.

## ANALYSIS

Service of process on a foreign corporation is governed by Rule 4(h)(2), which provides for service "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  Fed. R. Civ. P. 4(h)(2). Rule 4(f) provides that service can be made of a foreign defendant "at a place not within any judicial district of the United States" (1) by an internationally agreed means of service; (2) if there is no internationally agreed means, by a method that is reasonably calculated to give notice; or (3) "by any other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f).  Plaintiffs' Motion seeks to serve Clearsmoke through its U.S. counsel pursuant to Rule 4(f)(3).

The Ninth Circuit has held that "the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" is "commit[ed] to the sound discretion of the district court." Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002).  Service under Rule 4(f)(3) must "comport with constitutional notions of due process" and must be "reasonably calculated, under all the circumstances, to apprise interested

parties of the pendency of the action and afford them an opportunity to present their objections." Id. at 1016-17 (internal quotation marks omitted).  "Courts have authorized a wide variety of alternative methods of service under Rule 4(f)(3)." Id. at 1016.  Alternative service methods approved by courts include publication, ordinary mail, email, and delivery to a defendant's attorney.  Id.

As an initial matter, the Court DENIES Plaintiffs' Motion to the extent it requests that the Court deem Plaintiffs' prior attempts at service on counsel sufficient.  Plaintiffs did not obtain a court order authorizing such service prior to attempting to serve Clearsmoke's counsel.  Accordingly, such attempted service was invalid under the Federal Rules.  See Fed. R. Civ. P. 4(h)(2), 4(f).  The Court also DENIES Plaintiffs' request for an order under Rule 4(f)(3) allowing service on Clearsmoke's U.S. counsel.  The Court declines to exercise its discretion to authorize alternative service because the circumstances do not justify ordering service on Clearsmoke's U.S. counsel.  As discussed in detail below, the facts at issue here distinguish this case from the cases cited by Plaintiffs in support of its request.

In Rio Properties, the Ninth Circuit stated that in order to obtain relief under Rule 4(f)(3), the plaintiff "needed only to demonstrate that the facts and circumstances of the

present case necessitated the district court's intervention." 284 F.3d at 1016. The Ninth Circuit affirmed the district court's decision to allow service on a foreign corporation through its U.S. attorney because that foreign corporation had shown itself to be "an elusive international defendant, striving to evade service of process." Id. The foreign defendant refused service at its U.S. address and the plaintiffs were unable to discover the foreign defendant's location in Costa Rica. Id. Notably, Costa Rica is not a signatory to the Hague Service Convention. Id. In those circumstances, the Ninth Circuit held that the district court properly exercised its discretion to allow alternative means of service. Id. No such circumstances are present in this case. Plaintiffs have not presented any facts to suggest that Clearsmoke is evading service. Plaintiffs do not assert that Clearsmoke has attempted to hide its location in Malta. In fact, it does not appear that Plaintiffs have attempted to serve Clearsmoke in Malta. The only means of service attempted by Plaintiffs were the invalid attempts to serve Clearsmoke's counsel discussed above.

       In Richmond Technologies, a California district court case that Plaintiffs also rely upon, the district court allowed service of a foreign corporation through its U.S. counsel. Richmond Techs., Inc. v. Aumtech Bus. Solutions, No. 11 Civ. 2460, 2011 WL 2607158 (N.D. Cal. July 1, 2011). In that case,

the plaintiff presented evidence that service in accordance with the Hague Service Convention would take between six and eight months.  Id. at *11.  The plaintiff argued that it faced "a threat of immediate, irreparable harm" if it could not obtain preliminary relief in the action.  Id. at *13.  The court held that the plaintiff had "presented issues that require resolution with greater urgency than the Hague Convention process can accommodate, and alternative service under Rule 4(f)(3) is warranted."  Id.  Here, Plaintiff is not seeking any preliminary relief and does not argue that service in Malta would unreasonably delay this action.

   Similarly, Plaintiffs' citation to three cases from other circuits is not persuasive because the facts in those cases are easily distinguishable from the circumstances here.  First, in RSM Production, the court held that service on the foreign defendant's counsel was appropriate in that particular case because "plaintiffs have been prevented from following Hague Service Convention procedures in the Russian Federation."  RSM Prod. Corp. v. Fridman, No. 06 Civ. 11512(DLC), 2007 WL 2295907, at *2 (S.D.N.Y. Aug. 10, 2007).  Here, there is no indication that Plaintiffs are prevented from following the Hague Service Convention in Malta.  Second, in Nuance Communications, the court had determined that service in accordance with the Hague Service Convention was not possible because the foreign defendant's

7

country did not consider it to be in effect. <u>Nuance Commc'ns, Inc. v. Abby Software House</u>, 626 F.3d 1222, 1238 (Fed. Cir. 2010). Again, that circumstance is not present here. Third, in <u>FMAC Loan Receivables</u>, the plaintiff had tried to serve the foreign defendant in compliance with the Hague Service Convention and was unable to locate the defendant's current address. <u>FMAC Loan Receivables v. Dagra</u>, 228 F.R.D. 531, 534 (E.D. Va. 2005). As noted above, Plaintiffs have not presented any facts to suggest that they are unable to locate Clearsmoke in Malta or that they have attempted service in accordance with the Hague Service Convention. Under these circumstances, the Court declines to exercise its discretion to authorize alternative service on Clearsmoke's U.S. counsel.

<u>CONCLUSION</u>

Based on the foregoing, the Court DENIES Plaintiffs' Motion for Order Allowing Service upon Clearsmoke Technologies, Ltd.'s U.S. Counsel.

IT IS SO ORDERED.

DATED HONOLULU, HAWAII, AUGUST 10, 2012.

Richard L. Puglisi
United States Magistrate Judge

**KOWALSKI ET AL. V. ANOVA FOOD, LLC, ET AL., CIVIL NO. 11-00795 HG-RLP, MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR ORDER ALLOWING SERVICE UPON CLEARSMOKE TECHNOLOGIES, LTD.'S U.S. COUNSEL**