IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| William R. Kowalski; Hawaii International Seafood, Inc., | ) ) ) ) | Civ. No. 11-00795 HG-RLP |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| Anova Food, LLC; Anova Food, Inc.; Clearsmoke Technologies, Ltd.; DOES 1-10, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING DEFENDANT ANOVA FOOD, LLC's MOTION FOR RECONSIDERATION (ECF No. 112)**
**AND**
**DENYING DEFENDANT CLEARSMOKE TECHNOLOGIES, LTD.'S MOTION FOR RECONSIDERATION (ECF No. 113)**
**AND**
**DENYING DEFENDANT ANOVA FOOD, INC.'S MOTION FOR RECONSIDERATION (ECF No. 115)**
**AND**
**DENYING DEFENDANTS' REQUEST FOR AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

On January 2, 2012, Plaintiffs William R. Kowalski and Hawaii International Seafood, Inc. ("Plaintiffs") filed a four-count First Amended Complaint asserting claims for (Count 1) patent infringement in violation of 35 U.S.C. § 271, (Count 2) unfair competition and/or deceptive trade practices under 15 U.S.C. § 1125(a), (Count 3) unfair methods of competition under Hawaii Revised Statute ("H.R.S") § 480-2, and (Count 4) unfair and deceptive trade practices in violation of H.R.S. § 481A-3. (ECF No. 6.)  The Plaintiffs allege that Defendants Anova Food,

1

LLC, Anova Food, Inc., and Clearsmoke Technologies, Ltd. have
infringed a patent that covers a process for treating food with
smoke without the food retaining smoke taste or odor, and have
falsely represented that their fish products are processed with a
non-infringing process.  (Id. at ¶ 8, 14.)

On August 10, 2012, the Court denied Defendant Anova Food,
LLC ("Anova LLC") and Anova Food, Inc.'s ("Anova Inc.") Motions
to Dismiss for lack of personal jurisdiction.  (ECF No. 103.)  On
the same date, the Court denied Defendant Clearsmoke
Technologies, Ltd.'s ("Clearsmoke") Motion to Dismiss for lack of
personal jurisdiction.  (ECF No. 104.)

On August 24, 2012, Defendant Anova LLC, filed a Motion for
Reconsideration of the Order Denying the Motion to Dismiss for
lack of personal jurisdiction.  (ECF No. 112.)  The same day,
Defendants Anova Inc. and Clearsmoke filed Motions for
Reconsideration.  (ECF No. 113, ECF No. 115.)  Anova Inc. and
Clearsmoke's Motions referred the Court to Anova LLC's Memorandum
in support of its Motion for Reconsideration, maintaining that
their arguments were similar to those of Anova LLC, and they
wished to avoid unnecessary repetition.

Alternatively, the Defendants requested that the Court enter
an interlocutory order pursuant to 28 U.S.C. § 1292(b), if the
Motions for Reconsideration are denied.

The parties requested a number of continuances before the

2

Court ruled on the Motions for Reconsideration.  There is now no impediment to the Court ruling.

The Motions for Reconsideration (ECF No. 112, ECF No. 113, ECF No. 115.) are **DENIED**.  The request for an interlocutory order pursuant to 28 U.S.C. § 1292(b) is **DENIED**.


## PROCEDURAL HISTORY

The Orders that Defendants wish to have reconsidered, issued on August 10, 2012, provide a detailed procedural history.  The following procedural history is relevant to the three Motions for Reconsideration before the Court.

On December 3, 2011, Plaintiffs William R. Kowalski ("Kowalski") and Hawaii International Seafood, Inc. ("Plaintiffs") filed a Complaint. (ECF No. 1.)

On January 2, 2012, the Plaintiffs filed a First Amended Complaint. (ECF No. 6.)

On March 19, 2012, Defendant Anova LLC filed a Motion to Dismiss. (ECF No. 15.)  On the same date, Defendant Anova Inc. filed a Motion to Dismiss. (ECF No. 16.)

On April 5, 2012, Defendant Clearsmoke filed a Motion to Vacate Entry of Default, Quash Service, and Dismiss First Amended Complaint. (ECF No. 29.)

On August 10, 2012, the Court denied all of the Defendants' Motions to Dismiss for lack of personal jurisdiction

("Jurisdictional Orders").  (ECF No. 103, ECF No. 104.)

On August 16, 2012, Plaintiffs filed an Affidavit of Service on Douglas Brinsmade ("Brinsmade"), former President of Anova, Inc.  (ECF No. 106.)  Brinsmade was served with a subpoena to produce documents, information, or objects, or to permit inspection of premises.  (<u>Id.</u>)  The Affidavit of Service stated that Brinsmade was served with the subpoena on July 28, 2012.

On August 24, 2012, Defendants Anova LLC filed a Motion for Reconsideration of the Order Denying the Motion to Dismiss for lack of personal jurisdiction ("Anova LLC's Motion for Reconsideration").  (ECF No. 112.)  A declaration of Brinsmade was attached as an exhibit in support of the Motion.  (ECF No. 112-2.)

That same day, Defendants Anova Inc. and Clearsmoke filed Motions for Reconsideration of the Orders denying the Motions to Dismiss for lack of personal jurisdiction.  (ECF No. 113, ECF No. 115.)  To avoid unnecessary repetition, Anova Inc. and Clearsmoke's Motions incorporated by reference the arguments put forth in Anova LLC's Motion, as their arguments on the errors of law and fact were similar to those of Anova LLC.

On September 12, 2012, Plaintiffs filed an Opposition to the Motions for Reconsideration.  (ECF. No. 118.)

On October 4, 2012, the Court approved a "Stipulation and Order Regarding Extensions."  (ECF No. 120.)  To facilitate

4

possible settlement, the Court granted the parties' request to stay all proceedings until October 17, 2012.

On October 22, 2012, the Court approved a "Second Stipulation and Order Regarding Extensions." (ECF No. 122.) To facilitate possible settlement, the Court granted the parties' request to stay proceedings until November 16, 2012. Defendants agreed not to petition for any reexamination of Plaintiff Kowalski's patents before December 1, 2012. The deadline for Defendants' Reply Memorandums were extended to December 1, 2012. The deadline for Brinsmade to respond to the subpoena was extended to December 1, 2012.

On November 21, 2012, Defendants Anova LLC, Anova Inc., and Clearsmoke filed Reply Memorandums. (ECF No. 123, ECF No. 124, ECF No. 125.)

On November 29, 2012, the Court approved a "Third Stipulation and Order Regarding Extensions." (ECF No. 127.) To facilitate possible settlement, the Court granted the parties' request to stay proceedings until January 2, 2013. Once again, Defendants agreed not to petition for any reexamination of Plaintiff Kowalski's patents before January 2, 2013. The deadline for Brinsmade to respond to the subpoena was extended to January 9, 2013.

On February 20, 2013, the Court approved a "Fourth Stipulation and Order Regarding Extensions." (ECF No. 143.) To

5

facilitate possible settlement, the Court granted the parties'
request to defer ruling on the Motions for Reconsideration until
at least five court days after the parties' March 25, 2013
settlement conference before the Magistrate Judge.  In addition
to other discovery stipulations, the deadline for Brinsmade to
respond to the subpoena was extended to April 8, 2013.

On February 22, 2013, in light of the six month delay in
ruling on the Motions for Reconsideration at the parties' request
pending settlement discussions, the Court set a hearing on the
Motions for Reconsideration for April 1, 2013.

On March 25, 2013, a settlement conference was held before
the Magistrate Judge.  (ECF No. 148.)  No settlement was reached.

On March 29, 2013, the Court approved a "Fifth Stipulation
and Order Regarding Extensions."  (ECF No. 149).  To help
facilitate ongoing settlement efforts, the Court agreed to grant
the parties' request to continue the hearing on the Motions for
Reconsideration to May 1, 2013.  In addition to other discovery
stipulations, the deadline for Brinsmade to respond to the
subpoena was extended to five court days after May 1, 2013.

On April 30, 2013, after a settlement was not reached, the
Court vacated the May 1, 2013 hearing.

On May 3, 2013, Defendant Anova LLC filed a Motion to Stay.
(ECF No. 152.)  Anova Inc. joined in the Motion.

On June 14, 2013, the Magistrate Judge denied the Motion to

Stay, without prejudice.  (ECF No. 178.)

Pursuant to Local Rule 7.2(d), the Court elected to decide the Motions for Reconsideration without a hearing.

## STANDARD OF REVIEW

### I.   Motion for Reconsideration

Federal Rule of Civil Procedure 60(b) provides for relief from judgments or orders:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Such relief is within the discretion of the district court and will not be reversed absent abuse of discretion.  Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982).  A motion for reconsideration, according to District of Hawaii Local Rule 60.1, must be filed not more than fourteen (14) days after the court's written order is filed

In Mustafa v. Clark County School District, 157 F.3d 1169, 1178-79 (9th Cir. 1998), the Ninth Circuit Court of Appeals held

that a motion for reconsideration is justified on any of three grounds: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice.[1]

A successful motion for reconsideration must accomplish two goals.  First, the motion must demonstrate some reason why the court should reconsider its prior decision. Second, the motion must set forth facts or law that are strongly convincing to induce the court to reverse its prior decision. See Na Mamo O'Aha'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (citations omitted).

## II.   Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)

Generally, an appellate court should not review a district court ruling until after entry of a final judgment.  Coopers & Lybrand v. Livesay, 437 U.S. 463, 474, 98 S.Ct. 2454, 2460, 57 L.Ed.2d 351 (1978).  28 U.S.C. § 1292(b) provides an exception to the general rule.  Section 1292(b) states:

> When a district judge, in making in a civil action an
> order not otherwise appealable under this section, shall

---

[1]     Local Rule 60.1 provides that motions for reconsideration of interlocutory orders may be brought only upon the following grounds:

(a)   Discovery of new material facts not previously available;
(b)   Intervening change in law;
(c)   Manifest error of law or fact.

> be of the opinion that such order involves a controlling
> question of law as to which there is substantial ground
> for difference of opinion and that an immediate appeal
> from the order may materially advance the ultimate
> termination of the litigation, he shall so state in
> writing in such order. The Court of Appeals . . . may
> thereupon . . .permit an appeal . . . if application is
> made to it within ten days after the entry of the order.
> . . .

28 U.S.C. § 1292(b).  A district court must determine whether the

following certification requirements for an interlocutory appeal

have been met:  (1) that there be a controlling question of law,

(2) that there be substantial grounds for difference of opinion,

and (3) that an immediate appeal may materially advance the

ultimate termination of the litigation.  In re Cement Antitrust

Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981) aff'd

459 U.S. 1190, 103 S. Ct. 1173 (1983).  A question of law is

"controlling" if the resolution of the issue on appeal could

materially affect the outcome of the litigation in the district

court.  Id.   A party's strong disagreement with the Court's

ruling is not sufficient for there to be a "substantial ground

for difference"; the proponent of an appeal must make some

greater showing.  Mateo v. M/S KISO, 805 F. Supp. 792, 800 (N.D.

Cal. 1992).

Section 1292(b) is used only in exceptional circumstances in

which allowing an interlocutory appeal would avoid protracted and

expensive litigation.  In re Cement Antitrust Litig., 673 at

1026; see also Leong v. Hilton Hotels Corp., 689 F. Supp. 1572,

9

1574 (D. Haw. 1988)  ("The overriding consideration in the determination of the appropriateness of interlocutory appeal under this provision is simply whether such an appeal would be helpful in light of the nature of the issue and the status of the litigation.")

## ANALYSIS

### I.   Motions for Reconsideration

Reconsideration of interlocutory orders may only be brought upon the following grounds: (1) discovery of new material facts not previously available, (2) intervening change in law, (3) manifest error of law or fact.  Local Rule 60.1.  When alleging a manifest error of law, a defendant must show that the Court "committed clear error or that the initial decision was manifestly unjust."  <u>Reliance Ins. Co. v. Doctors Co.</u>, 299 F. Supp. 2d 1131, 1154 (D. Haw. 2003) <u>aff'd</u> 132 F. App'x 730 (9th Cir. 2005)(quoting <u>School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).  A defendant fails to meet his burden to establish a manifest error of law by merely repeating the same arguments already raised.  <u>Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Am. Eurocopter Corp.</u>, Civ. No. 09-00136 DAE-LEK, 2009 WL 3424969, at *2 (D. Haw. Oct. 26, 2009) (citing <u>Backlund v. Barnhard</u>, 778 F.2d 1386, 1388 (9th Cir. 1985) (affirming district court's denial of motion for

reconsideration because it presented no arguments not already raised); San Luis & Delta-Mendota Water Auth. v. U.S. Dep't Interior, 624 F.Supp.2d. 1197 (E.D. Cal. 2009)).

Defendants' Motions for Reconsideration are largely based on claims that the Court committed manifest errors of law. Defendants also seek reconsideration of the Court's minimum contacts analysis of direct sales to Hawaii based on their submission of new evidence to demonstrate an alleged error of fact.  Defendants primarily rely on arguments previously made in their Motion to Dismiss filings.  Defendants fail to demonstrate any manifest error of law or fact, or provide any new evidence not previously available.

> **1.  Defendants Anova LLC, Anova Inc., and Clearsmoke's claim that the Court erred in applying Federal Circuit law in ruling on the admissibility of evidence**

Defendants claim that the Court should have applied Ninth Circuit law in ruling on the admissibility of hearsay evidence. (Anova LLC's Motion for Reconsideration at 6-7, 26-27, ECF No. 112.)

In patent infringement cases, district courts apply the law developed by the Federal Circuit Court to determine whether the exercise of personal jurisdiction is proper "because the jurisdictional issue is intimately involved with the substance of the patent laws." Autogenomics, Inc. v. Oxford Gene Tech, Ltd., 566 F.3d 1012, 1016 (Fed. Cir. 2009) (internal quotation marks

omitted); <u>see also</u> <u>Hildebrand v. Steck Mfg. Company, Inc.</u>, 279 F.3d 1351, 1354 (Fed. Cir. 2002).  The application of the law developed in the Federal Circuit decisions renders the holding in <u>Beverly Hills Fan Co. v. Royal Sovereign Corp.</u>, 21 F.3d 1558 (Fed. Cir. 1994) controlling law in the Ninth Circuit.  <u>See</u> <u>Campbell Pet Co. v. Miale</u>, 542 F.3d 879, 889 n.1 (Fed. Cir. 2008) (appeal from the United States District Court for the Western District of Washington).  The <u>Beverly Hills Fan</u> court held that there is no strict rule prohibiting consideration of hearsay for purposes of personal jurisdiction in patent cases.  Defendants have not established that the Court's application of Federal Circuit law in ruling on the Motions to Dismiss for lack for personal jurisdiction was a manifest error of law.

> **2.    Defendants Anova LLC and Anova Inc. claim that statements by Brinsmade were hearsay and did not have sufficient "indicia of reliability" to be relied upon**

Defendants Anova LLC and Anova Inc. maintain that even if Federal Circuit law is applied, Plaintiffs' submission of hearsay statements by Douglas Brinsmade ("Brinsmade"), former president of Anova Inc., should not have been considered.  (Anova LLC's Motion for Reconsideration at 7-8, 28, ECF No. 112.) Defendants argue that the Brinsmade remarks, as recounted in Plaintiff Kowalski's Declaration, did not have an "indica of reliability" as required by <u>Beverly Hills Fan</u>.

In <u>Beverly Hills Fan</u>, the plaintiff there submitted a

12

declaration of a private investigator who stated that he had
telephone conversations with unnamed employees at six Virginia
stores, and fifty-two of the accused fans were available for sale
at those stores.   21 F.3d at 1561.   The defendants argued that
this evidence could not be considered because it was based on
hearsay and therefore inadmissible.   <u>Id.</u> at 1562.   The Federal
Circuit Court of Appeals rejected defendants argument and held
that a rule barring consideration of hearsay "would be
particularly inappropriate under the circumstances of this case
since the evidence bears circumstantial indicia of reliability so
that it very well could be admissible at trial notwithstanding
its hearsay nature."   <u>Id.</u>   The appellate court further explained
that it declined to adopt a rule banning consideration of hearsay
because the defendants did not property challenge the evidence,
even though they were provided with the opportunity to do so.
<u>Id.</u>   Defendants were deemed "to have was to have acquiesced in
the trustworthiness of the evidence."   <u>Id.</u>

Defendants previously objected to the Kowalski Declaration
as hearsay and unreliable.   The defendants argued that
Brinsmade's statements were unreliable because he was terminated
from his position at Anova and now works as a competitor.
Defendants did not attempt to independently subpoena Brinsmade to
challenge the Kowalski Declaration.   The Court's Jurisdictional
Order rejected Defendants' argument that the Brinsmade statements

were unreliable.  (Order Denying Anova LLC and Anova Inc.'s

Motions to Dismiss at 30, ECF No. 103.)  Similar to the <u>Beverly</u>

<u>Hills Fan</u> defendants, Anova LLC, Anova Inc., and Clearsmoke

failed to take the steps, such as subpoenaing Brinsmade, to

sufficiently challenge the Brinsmade hearsay evidence when

provided with the opportunity to do so.  <u>Beverly Hills Fan</u>, 21

F.3d at 1562.  Defendants cannot merely repeat the same arguments

previously raised in a motion for reconsideration.  <u>Nat'l Union</u>,

2009 WL 3424969, at *2.  Defendants have provided any legal basis

to demonstrate that the Court committed a manifest error of law.

The hearsay evidence from Brinsmade was properly considered by

the Court in its Jurisdictional Orders.[2]

**3.    Defendants Anova LLC and Anova Inc., in their Motions for Reconsideration, submit a declaration from Douglas Brinsmade to support the claim that the Court made an error of fact in relying on a hearsay statement of Brinsmade**

Defendants Anova LLC and Anova Inc. argue that the Court

erred in relying on hearsay statements by Douglas Brinsmade to

determine whether the companies had minimum contacts with Hawaii.

The hearsay statements were provided to the Court in Plaintiff

Kowalski's declaration dated April 21, 2012.  Kowalski recounted

that in an April 21, 2012 telephone call, "Brinsmade told me that

he was 'pretty sure' Anova sold Clearsmoke brand fish to the

---

[2]    Brinsmade's statements could also be considered an admission or a statement against interest by Defendants Anova LLC and Anova Inc.  Fed. R. Evid. 801(d)(2); 804(b)(3).

Foodland supermarket chain in Hawaii, and that he recalled there were direct sales to Foodland as well as sales through distributor Southland." (4/21/12 Declaration of William R. Kowalski at ¶ 3, ECF No. 40-1.)

Defendants now rely on a newly provided declaration by Brinsmade, dated August 24, 2012, fourteen days after the Court found personal jurisdiction over the Defendants.  The Brinsmade declaration was submitted as an attachment to Anova LLC's Motion for Reconsideration.  (Declaration of Douglas Brinsmade ("Brinsmade Decl."), ECF No 112-2.)  Brinsmade's declaration states "I do not recall making the statements that [Kowalski] claims I made in that phone call." (Brinsmade Decl. At ¶ 5, ECF No. 112-2.)  Brinsmade also states "I do not have any personal recollection of Anova Inc. or Anova LLC making any sales directly to Foodland.  Furthermore I am not aware of any distributor named Southland." (Id.)

Anova LLC claims it was unable to present this evidence earlier because it was unable to obtain a declaration from Brinsmade until August 24, 2012.  (Anova LLC's Motion for Reconsideration at 8-9, ECF No. 112.)  Prior to August 24, 2012, Defendants maintain that Brinsmade "refused to make himself available to either party to give declarations . . . given the pending settlement negotiations with Anova LLC that were not then finalized." (Id. at 10.)

15

In their May 21, 2012 filing, Plaintiffs argued that the
Brinsmade hearsay statements should be allowed.  Plaintiffs
acknowledged that when asked to sign a declaration, Brinsmade
said he needed to ask his attorney.  (ECF No. 60 at 9 n.3.)
Plaintiffs also noted that "[i]f necessary, a subpoenaed
deposition of Mr. Brinsmade under oath is likely to force him to
more formally state what he told Mr. Kowalski."  (Id.)

If the parties have not conducted discovery, the plaintiff
"need only make a prima facie showing" that the defendant is
subject to personal jurisdiction.  Autogenomics, 566 F.3d at 1017
(internal citations omitted).  The district court must "accept
the uncontroverted allegations in the plaintiff's complaint as
true and resolve any factual conflicts in the affidavits in the
plaintiff's favor."  Elecs. for Imaging, Inc. v. Coyle, 340 F.3d
1344, 1349 (Fed. Cir. 2003).

To support a motion for reconsideration based upon newly
discovered evidence, the movant is obliged to show not only that
the evidence was newly discovered or unknown, but also that it
could not with reasonable diligence have discovered and produced
such evidence at the hearing.  Frederick S. Wyle Prof'l Corp. v.
Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985); see also Nat'l
Union, 2009 WL 3424969, at *4.  Defendants have not shown that
they could not have, with reasonable diligence, such as through
the service of a subpoena, presented testimony from Brinsmade

16

before the Court ruled on the Motions to Dismiss.  Defendants may not now rely on a new declaration by Brinsmade.  See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

Even if the Brinsmade declaration was admissible as new evidence, Brinsmade's testimony does not justify reconsideration of the Court's Jurisdictional Orders as he does not directly controvert the statements Kowalski claims Brinsmade previously made.  See Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1129 (9th Cir. 2010)(Defendant's conclusory denial did not rebut Plaintiff's allegations).  Brinsmade does not say he never made the statements to Kowalski.  Brinsmade states that he cannot recall making the statements Kowalski claims he made.  (Brinsmade Decl. at ¶ 5.)  Brinsmade's lack of recollection of the alleged conduct does not, of course, prove that it did not occur.  The Court's reliance on Kowalski's declaration was not a manifest error of fact because Brinsmade did not specifically deny that the conversation with Kowalski occurred, and the Court must view the facts in the light most favorable to Plaintiffs.  Jayhawk Capital Mgmt., LLC v. LSB Indus., Inc., No. 08-2561-EFM, 2009 WL 3766371, at *18 (D. Kan. Nov. 10, 2009)(court must take plaintiff's allegations as true when the defendant stated he did not recall the alleged conversations, but defendant did not deny that the conversations occurred).

17

Further, Kowalski stated that Brinsmade was pretty sure Anova sold Clearsmoke brand fish to the Foodland supermarket chain in Hawaii, and that Anova made direct sales to Foodland. (Kowalski Declaration at ¶ 3, ECF No. 40-1.)  The Court's August 10, 2012 Order held that the Brinsmade hearsay, viewed in the light most favorable to the Plaintiffs, reflected that "Anova has offered and in some cases may have made direct sales of its products to Hawaii customers."  (Order Denying Anova LLC and Anova Inc.'s Motions to Dismiss at 30, ECF No. 103.)  Brinsmade's declaration specifies that he does not have any recollection of Anova Inc. or Anova LLC making any sales directly to Foodland. (Brinsmade Declaration at ¶ 5, ECF No. 112-2.)  Brinsmade's declaration does not provide a definitive answer as to whether Anova made offers to Foodland or another Hawaii supermarket chain.  The Court will not reconsider its Jurisdictional Orders based on the Brinsmade declaration.  See New Hampshire Ins. Co. v. Martech USA, Inc., 993 F.2d 1195, 1201 (5th Cir. 1993)(affirming district court's refusal to reopen the case because new testimony did not prove loss occurred during insurance coverage policy period and affidavits attesting to evidence Defendant's employees might produce if they opted to cooperate were mere speculation).

Additionally, the Court has already established specific jurisdiction over the Defendants based on their soliciting sales

to Hawaii companies.  Brinsmade's declaration does not change the
Court's Jurisdictional Order.

### 4. Anova LLC's claim that any statements made by Brinsmade were limited to Anova, Inc., not Anova LLC

Anova LLC argues that the Court made an error of fact by
applying the Brinsmade hearsay to Anova LLC.  Anova LLC maintains
that none of the Brinsmade hearsay can be attributed to Anova LLC
because Brinsmade was the president of Anova Inc., and Brinsmade
ceased being president around the same time Anova LLC was formed.
(Anova LLC's Motion for Reconsideration at 30, ECF No. 112.)

Anova LLC raised this argument in its Reply Memorandum in
Support of its Motion to Dismiss.  (ECF No. 47.)  Plaintiffs
responded by arguing that the overlap between Anova Inc. and
Anova LLC's operational periods indicate that Brinsmade may have
been involved in both companies' operations.  (Opposition to
Motions for Reconsideration at 5, ECF No. 118.)  Brinsmade's
statements to Kowalski referred to "Anova" and did not
differentiate between Anova LLC and Anova Inc.  Viewing all facts
in favor of the non-moving party, the Plaintiffs, the Court
attributed Brinsmade's statements to both Defendants.  Anova LLC
cannot merely reiterate the same arguments it previously raised.
Nat'l Union, 2009 WL 3424969, at *2.

Anova LLC also relies on the new Brinsmade Declaration as a
basis for reconsideration of Anova LLC's minimum contacts with

Hawaii.  Anova LLC may not present evidence for the first time when it could reasonably have been raised earlier in the litigation.  See Kona Enterprises, 229 F.3d at 890 (9th Cir. 2000); Nat'l Union, 2009 WL 3424969, at *4.

Reconsideration of the Court's August 10, 2012 Order is not warranted.

**5.    Defendants Anova LLC and Anova Inc.'s claim that the Gary Ishimoto declaration was hearsay and did not have sufficient "indicia of reliability"**

Defendants Anova LLC and Anova Inc. claim that the Gary Ishimoto declaration was hearsay and improperly considered. Defendants previously objected to Ishimoto's declaration as hearsay.  In addressing the Defendant's objection, the Court held "Ishimoto's statements do not constitute hearsay; his references to Anova sales solicitations and to price sheets are not offered for the truth of what such statements assert, but merely to show their affect on him as a listener." (Order Denying Anova LLC and Anova Inc.'s Motions to Dismiss at 25, ECF No. 103.)  Defendants cannot repeat the same arguments previously raised in a motion for reconsideration.  Nat'l Union, 2009 WL 3424969, at *2. Defendants have provided any legal basis to demonstrate that the Court committed a manifest error of law.

**6.    Defendants Anova LLC and Anova Inc. claim that the Court erroneously relied on solicitations to Gary Ishimoto because those communications did not rise to the level of an "offer of sale" under the law**

Defendants Anova LLC and Anova Inc. argue that the Order

finding jurisdiction incorrectly presumes that an "offer to sell" was made based on the assertions of Gary Ishimoto ("Ishimoto"), the President of Diamond Head Seafood Wholesale, Inc., a Hawaii corporation located in Honolulu. (Anova LLC's Motion for Reconsideration at 34, ECF No. 112.)  Defendants claim that Ishimoto's testimony that Anova sent price sheets to Diamond Head Seafood, Inc., without submitting the actual price sheet into evidence, is not sufficient to show a definite offer to sell. Defendants claims that an "offer to sell" must be shown by an objective standard and therefore Plaintiffs must produce the actual price quote sheets, rather than rely on Ishimoto's subjective testimony.

Defendants' arguments regarding the solicitations to Ishimoto were previously raised in its Motion to Dismiss filings. As the Court already held, Ishimoto's statements are relevant to Defendants' alleged commercial contact with Hawaii.  Ishimoto's declaration stated that Anova inquired if Diamond Head Seafood was interested in buying Clearsmoke frozen fish and included price quote sheets.  Plaintiffs offered Ishimoto's statements to provide evidence that Defendants consciously targeted Hawaii by making offers to sell Clearsmoke fish and providing price quotations to Diamond Head Seafood. (Memorandum in Support of Plaintiffs' Motion for Consideration of New Information at 2, ECF No. 57-1.)  Ishimoto's references to Anova sales solicitations

21

and to price sheets were admissible to show their affect on Ishimoto as a listener. <u>L.A. News Serv. v. CBS Broad., Inc.</u>, 305 F.3d 924, 935, <u>amended by</u> 313 F.3d 1093 (9th Cir. 2002). Viewing the evidence in the light most favorable to the Plaintiffs, Ishimoto's Declaration evidences that Anova solicited sales to his company. <u>Autogenomics</u>, 566 F.3d at 1017. Defendants' disagreement with the Court's Jurisdictional Order is an insufficient basis for reconsideration. <u>Nat'l Union</u>, 2009 WL 3424969, at *1.

Defendants "offer to sell" argument goes to the merits of whether Kowalski's patents were infringed.  As Defendants point out, in order to make an "offer to sell," "a defendant must communicate a manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." <u>MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.</u>, 420 F.3d 1369, 1376 (Fed. Cir. 2005) (review of district court's grant of summary judgment to competitor on patent infringement claims).  The merits of the case are not properly before the Court at this juncture.

   **7.   Anova LLC's claim that contacts with Ishimoto cannot be attributed to Anova LLC because they pre-dated the formation of Anova LLC**

Anova LLC argues that any contacts with Ishimoto can only be attributed to Anova Inc. because the alleged

22

solicitation occurred before Anova LLC came to existence in mid-2010.  Ishimoto stated that "[f]rom time to time over the years (more than a few times in total), Anova food contacted me . . . ." (Declaration of Gary Ishimoto at ¶ 3, ECF No. 57-3.) Plaintiffs' First Amended Complaint alleges that "each Defendant was the agent, servant, partner, joint venture, employee, principal, independent contractor, and/or surety of each other Defendant and . . . were acting within the time, scope, and course of said employment or agency, and/or with knowledge, permission, and consent of all other said Defendants." (First Amended Complaint ¶ 4.)  The Court's Jurisdictional Order stated that evidence that does not specify a particular Defendant or simply refers to "Anova," will be applied to both Anova LLC and Anova Inc.  (Order Denying Anova LLC and Anova Inc.'s Motion to Dismiss at 11-12, ECF No. 103.)  Ishimoto's comments did not specify a definite time period. Evidence must be viewed in the light most favorable to Plaintiffs. Anova LLC has not provided a legal basis for finding the Court erred in attributing Ishimoto's testimony regarding "Anova" to Anova LLC.  Once again, Anova LLC's attempt to re-argue their position does not justify reconsideration of the Court's Orders finding jurisdiction. Nat'l Union, 2009 WL 3424969, at *2.

> **8.  Defendants' Anova LLC, Anova Inc., and Clearsmoke claim the Court erred in considering emails between Charles Umamoto and Representatives from Anova LLC, Anova Inc., and Clearsmoke in its jurisdictional analysis**

23

Defendants argue that email correspondence between Charles
Umamoto, CEO, of Hilo Fish Co. and Tropic Fish Hawaii, LLC, and
Anova/Clearsmoke representatives cannot establish specific
jurisdiction.  In 2011 and 2012, Umamoto and his Purchasing
Manager at Hilo Fish Co., Sabrina Vaughn, corresponded with
Anova/Clearsmoke representatives Blane Olson and Hender Moran.[3]
Defendants maintain that even if Defendants solicited Hilo Fish
Co. for purchase of their products, there would have been no
patent or trademark infringement because of a settlement
agreement between Hilo Fish Co. and Plaintiff Kowalski.
Defendants reason that the solicitation does not constitute
purposeful availment because Kowalski would be barred from
bringing patent infringement and false advertising causes of
action against the Anova tuna by the settlement agreement that
exists between Umamoto of Hilo Fish Co. and Tropic Fish Hawaii,
LLC, and the Plaintiffs.

The evidence that Anova LLC, Anova Inc., and Clearsmoke
communicated sales solicitations to Hilo Fish Co. and Tropic Fish
Hawaii, LLC, has already been considered and ruled on by the

---

[3]      The Court's August 10, 2012 Jurisdictional Orders
relied on copies of the communications between Defendants'
employees and Umamoto of Hilo Fish Co and Tropic Fish Hawaii,
LLC.  Emails from Syarif Nugroho of Anova were also considered.
The email correspondence between Umamoto and Olson discuss a
potential fish purchase by Umamoto from Anova/Clearsmoke.  Olson
states that he will send Umamoto samples of their products.

Court.  Disagreement with the Court's Jurisdictional Orders does
not justify reconsideration.  Nat'l Union, 2009 WL 3424969, at
*1.

     In their Motions for Reconsideration, Defendants do not cite
any caselaw to support their proposition that the court erred in
considering the solicitations for the purposes of determining
personal jurisdiction.  The Court's determination of jurisdiction
is not a ruling on the merits of the action.  The scope of a
settlement agreement in place between the patent holder and a
potential buyer is a matter for later interpretation.
Defendants' reliance on Markham v. Westview Instruments, Inc.,
517 U.S. 370 (1996), is misplaced.  The United States Supreme
Court ruling in Markham deals with the underlying merits of the
alleged patent infringement claims.  There was no personal
jurisdiction analysis in Markham nor did the facts include a
settlement agreement with the patent holder.

     When considering a motion to dismiss for lack of personal
jurisdiction, the district court must view the "pleadings and
affidavits in the light most favorable to [the plaintiffs]" and
"resolve any factual conflicts in the affidavits in the
plaintiff's favor." Autogenomics, 566 F.3d at 1017.  Plaintiffs
point out that the fish offered to Hilo Fish Co. may not have
been covered by the settlement agreement because the agreement
did not cover all smoked fish.  (Opposition to the Motions for

Reconsideration at 11, ECF No. 118.)  Additionally, even if the settlement agreement between Kowalski and Hilo Fish Co. covered the Anova fish solicitations regarding the patent infringement claims, Defendants contacts with Hilo Fish Co. would still be analyzed to determine Defendants' minimum contacts regarding Plaintiffs' Lanham Act false representation claim.  (First Amended Complaint at ¶ 14) (Plaintiffs base their Lanham Act claim on allegations that Defendants have falsely represented that their fish is not processed in a manner covered by Kowalski's patent).

The Court concluded in its Jurisdictional Orders that there is sufficient evidence that Defendants Anova LLC, Anova Inc., and Clearsmoke directly contacted and solicited Hawaii seafood companies.  The evidence supports the Court's jurisdiction over Plaintiffs' claims that Anova has purposefully directed its business activities to Hawaii.  Defendants have not provided any legal basis for a finding of a clear or manifest error in law.  See Mustafa, 157 F.3d at 1178-79.  The Court's August 10, 2012 Orders regarding jurisdiction over Defendants Anova LLC, Anova Inc., and Clearsmoke stands.

**9.    Defendants' Anova LLC, Anova Inc., and Clearsmoke's claim that the Court erred in not allowing them to submit additional briefing on the Umamoto emails and Hilo Fish Co. settlement agreement**

Defendants take issue with the Court's July 18, 2012 Minute

Order addressing the numerous filings by both parties that were outside of the parameters set forth in the April 2, 2012 briefing schedule.  Defendants argue that the July 18, 2012 Order allowed Plaintiffs to get the "last word" before the Court ruled on the Motions to Dismiss.  (Anova LLC's Motion for Reconsideration at 3, ECF No. 112.)  Defendants present no legal authority to support their proposition that the Court's July 18, 2012 Order is a proper basis for reconsideration.

The Court's July 18, 2012 Order stated it would consider both Defendants' and Plaintiffs' positions on the Umamoto email correspondence and the Hilo Fish Co. settlement agreement, and barred any additional filings relating to the Motions to Dismiss. Defendants' arguments regarding jurisdiction, the Umamoto emails, the settlement agreement, and other exhibits were all presented to the Court at length in Defendants' Sur-Reply. (ECF No. 84.) In the July 18, 2012 Minute Order, the Court stated it would consider Defendant Anova Food, LLC's Sur-Reply (ECF No. 84). (ECF No. 87.)

Defendants' position regarding the Hilo Fish Co. settlement agreement was clear in its Sur-Reply filing and did not require additional briefing.  Although Defendants' claim that the July 18, 2012 Order resulted in the Court's erroneous adoption of Plaintiff's position on the settlement agreement, Defendants' disagreement with a previous order is an insufficient basis for

27

reconsideration.  <u>Nat'l Union</u>, 2009 WL 3424969, at *1.

**10.  Clearsmoke's claim that the emails to Umamoto cannot be attributed to it as Clearsmoke was defunct at the time**

In its five-page Motion for Reconsideration, Clearsmoke raises an additional argument that is not contained in Anova LLC's Motion for Reconsideration.  (ECF No. 113.)  Clearsmoke claims the purported offer for the sale of fish to Umamoto at Hilo Fish Co. and Tropic Fish Hawaii, LLC cannot be attributed to Clearsmoke as it was defunct at the time the emails were sent. According to Clearsmoke, the purported offer for sale and Blane Olson's unilateral personal use of an old email address could not be construed to revive the company's business. (Clearsmoke's Motion for Reconsideration at 2-3, ECF No. 113.)  Clearsmoke raised the same argument in a filing in support of its original Motion to Dismiss.  (<u>See</u> Clearsmoke's Response to Plaintiffs' New Supplement Information Supporting Plaintiffs' Opposition to Clearsmoke's Motion to Dismiss, filed on May 25, 2012, ECF No. 67.)

In the August 10, 2012 Order denying Clearsmoke's motion to dismiss, the Court considered the following evidence relating to Olson's relationship with Clearsmoke: (1) Olson's email address ending with "@clearsmoke.com," (2) Olson's declaration in which he stated he has done work for "both Clearsmoke and Anova marketing programs," and (3) a trial transcript from another lawsuit where Anova Inc.'s attorney stated that Olson served both

28

Clearsmoke and Anova Inc.  The Court held that when the evidence was viewed as a whole and in the light most favorable to the Plaintiffs, it shows that Clearsmoke has purposefully directed commercial activities at the State of Hawaii.  (Order Denying Clearsmoke's Motion to Dismiss at 19-20, ECF No 104.)

Clearsmoke cannot merely repeat the same arguments it has already raised in a motion for reconsideration.  Nat'l Union, 2009 WL 3424969, at *2.  Clearsmoke has not demonstrated that the Court committed a manifest error of law in relying on Olson's email communications to determine whether Clearsmoke had minimum contacts with Hawaii.

## 11. Anova Inc. claims that the emails to Umamoto cannot be attributed to it because Anova Inc. was not conducting meaningful business at the time of the emails

In its five-page Motion for Reconsideration, Anova Inc. raises an additional argument.  (ECF No. 115.)  Anova Inc. claims it was not conducting meaningful business at the time of the email communications.  (Anova Inc.'s Motion for Reconsideration at 2.)  The Court addressed the same argument in its August 10, 2012 Order denying Anova Inc.'s motion to dismiss, and found that Hender Moran's job title and email address associated Anova, Inc. with the offer of sale of fish to Umamoto.  (Order Denying Anova, LLC and Anova, Inc.'s Motions to Dismiss at 27-28, ECF No. 103.)

Anova Inc.'s repetition of the same argument does not meet its burden in a motion for reconsideration.  Nat'l Union, 2009 WL

3424969, at *2.  Anova Inc. has not provided the Court with any legal basis to find manifest error of law in relying on Moran's email communications to determine Anova Inc.'s minimum contacts with Hawaii.

> **12. Defendants Anova LLC, Anova Inc., and Clearsmoke's claim that the Court improperly applied <u>Beverly Hills Fan Co. v. Royal Sovereign Corp.</u>, 21 F.3d 1558 (Fed. Cir. 1994)**

Defendants argue that the Court improperly applied <u>Beverly Hills Fan Co. v. Royal Sovereign Corp.</u>, 21 F.3d 1558 (Fed. Cir. 1994).  Defendants argue that the stream of commerce theory requires a defendant manufacturer use an *established distributor* to ship the infringing product into the forum.  (Anova LLC's Motion for Reconsideration at 20, ECF No. 112.)  Defendants further argue that the absence of an established distributor only satisfies Justice Brennan's holding in <u>Asahi Metal Co., Ltd. v. Superior Court of California</u>, 480 U.S. 102 (1987), but does not meet Justice O'Connor requirement of "something more" in addition to placing a product into the stream of commerce.  Defendants' previously argued that the O'Connor opinion from <u>Asahi</u> should control in its Reply Memorandum in Support of the Motion to Dismiss.  (ECF No. 47.)

In <u>Beverly Hills Fan</u>, the Federal Circuit Court of Appeals ruled that the Eastern District of Virginia had personal jurisdiction over a Taiwanese manufacturer and a New Jersey distributor.  The court held that an established distribution

channel existed based on the Plaintiff's allegations that the defendant manufacturer and distributor purposefully shipped and sold, through intermediaries, the accused product to Virginia customers.  Id. at 1563.

In finding that an "established distribution channel" existed, the court held:

> When viewed in the light of the allegations and the uncontroverted assertions in the affidavits, plaintiff has stated all of the necessary ingredients for an exercise of jurisdiction consonant with due process: defendants, acting in consort, placed the accused fan in the stream of commerce, they knew the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court there.

Id. at 1566.  Defendants argue that "acting in consort" requires that a manufacturer use an established distributor to ship the infringing product into the forum in order to assert personal jurisdiction over the manufacturer.  Defendants overstate the holding of Beverly Hills Fan.  The Beverly Hills Fan court did not mention any requirement of an established distributor relationship, it only emphasized an established distribution chain.  The court held that the defendant manufacturer and distributor's commercial relationship with the retailer was "ongoing, and obviously intentional."

> It is undisputed that at least fifty-two [Manufacturer] fans were present in Virginia bearing [Distributor's] warranty, reflecting an ongoing relationship with the Virginia retailer and customers.  From these ongoing relationships, it can be presumed that the distribution channel formed by defendants and [retailer] was

31

> intentionally established, and that defendants knew, or
> reasonably could have foreseen, that a termination point
> of the channel was Virginia.

Id. at 1564 (citation omitted).

In addressing the "stream of commerce" theory, the Beverly
Hills Fan court discussed the United States Supreme Court's
decision in Asahi Metal Co., Ltd. v. Superior Court of
California, 480 U.S. 102 (1987). In Asahi, the Supreme Court
addressed the application of the stream of commerce theory,
specifically, what is required to establish personal jurisdiction
over a defendant when its products enter the forum through a
stream of commerce.  The Supreme Court split in its decision.
Four justices joined the opinion of Justice Brennan, which held
placing a product into the stream of commerce is sufficient to
establish personal jurisdiction.  Asahi, 480 U.S. at 117.  Four
justices supported the opinion of Justice O'Connor, which held
that an exercise of personal jurisdiction requires more than the
mere act of placing a product in the stream of commerce.  Id. at
112.  Justice O'Connor stated that in addition to placing the
product in the stream of commerce, a defendant must take an
action "purposefully directed toward the forum State."  Id.

In Beverly Hills Fan, the Federal Circuit Court of Appeals
declined to join either Justice Brennan or Justice O'Connor's
Asahi opinion, and held that "under either version of the stream
of commerce theory, plaintiff made the required jurisdictional

32

showing." <u>Beverly Hills Fan</u>, 21 F.3d at 1566.  The court held

that the plaintiff had stated all of the necessary ingredients

for an exercise of due process:

> [D]efendants, acting in consort, placed the accused
> [product] in the stream of commerce, they knew the likely
> destination of the products, and their conduct and
> connections with the forum state were such that they
> should reasonably have anticipated being brought into
> court there.

<u>Id.</u>

The Court's August 10, 2012 Orders held that the ongoing

relationship between the Defendants and forum state retailers

evidenced an established distribution channel.  There is no

dispute that thousands of packages of Anova fish are sold at

Hawaii Sam's Club supermarkets.  It is also undisputed that the

fish is sold in packaging that clearly displays the "Clearsmoke"

trademark.  Although the Defendants argue that they did not

control the third-parties who distributed its products in Hawaii,

there is no requirement that a company have strict control over

its distribution channels in order for it to be subject to

personal jurisdiction in the locations where its products are

sold.  <u>See Beverly Hills Fan</u>, 21 F.3d 1558.

A review of <u>Beverly Hills Fan</u> does not require a different

result from the Court's August 10, 2012 Orders.  Based on the

evidence before the Court, it can be presumed that the

distribution channel that resulted in the sale of Defendants'

products at Sam's Club, Outback Steakhouse restaurants, and

Ruth's Chris Steakhouse restaurants was intentionally

established, and that the Defendants knew, or reasonably could

have foreseen that the products would be sold in Hawaii. <u>Id.</u> at

1564.  The resulting presence of the product in the District of

Hawaii would be known to the Defendants, just as it was evident

to the infringers in <u>Beverly Hills Fan</u> that the product was being

sold in Virginia.  There is nothing in <u>Beverly Hills Fan</u> to

indicate a manifest error of law to warrant the Court's

reconsideration of its August 10, 2012 Orders.


**II.  Request for an Interlocutory Order Under 28 U.S.C. 1292(b)**

28 U.S.C. § 1292(b) states:

> When a district judge, in making in a civil action an
> order not otherwise appealable under this section, shall
> be of the opinion that such order involves a controlling
> question of law as to which there is substantial ground
> for difference of opinion and that an immediate appeal
> from the order may materially advance the ultimate
> termination of the litigation, he shall so state in
> writing in such order. The Court of Appeals . . . may
> thereupon . . .permit an appeal . . . if application is
> made to it within ten days after the entry of the order.
> . . .

28 U.S.C. § 1292(b).

Defendants argue that an interlocutory order is appropriate

"as the harm done to Anova LLC through the Court's jurisdictional

decision, if erroneous as Anova LLC contends, will be irreparable

by the conclusion of trial when a normal appeal may be perfected,

having already been required to litigate in a forum where Anova

LLC does not believe it is subject to the Court's jurisdiction."
(Anova LLC's Motion for Reconsideration at 38, ECF No. 112.)

Defendants argue that the Jurisdictional Orders involve the
following controlling questions of law for which there are
substantial grounds for difference of opinion: (a) the stream of
commerce standard of <u>Beverly Hills Fan</u>; (b) the criteria for
determining whether an authorized distributorship exists; (c) the
objective standard to determine an offer of sale; and (d) whether
inadmissible evidence may be received on a motion to dismiss when
no indicia of reliability exist.  (Anova Food LLC's Reply in
Support of Motion for Reconsideration at 19, ECF No. 123.)

Defendants have failed to identify a controlling question of
law as to which there is a substantial ground an interlocutory
appeal.  Defendants merely challenge the factual basis for the
finding of personal jurisdiction or raise issues that go to the
underlying merits of the case.  <u>Thomas Weisel Partners LLC v. BNP
Paribas</u>, No. C 07-06198 MHP, 2009 WL 55946, at *3 (N.D. Cal. Jan.
7, 2009).  Defendants' arguments regarding <u>Beverly Hills Fan</u> and
the admissibility of evidence challenge the Court's application
of well-settled law to the facts of this case.  Defendants'
argument regarding the offer of sale goes to the merits of the
case.  Defendants fail to show that any question of law addressed
in the Jurisdictional Orders raised an unsettled issue, issue of
first impression, or any other question of law upon which an

35

interlocutory appeal may be based.   Id.   A party's strong disagreement with the Court's ruling is not sufficient for there to be a "substantial ground for difference"; the proponent of an appeal must make some greater showing.   Mateo v. M/S KISO, 805 F. Supp. 792, 800 (N.D. Cal. 1992).   Defendants must make a greater showing that a substantial ground for difference of opinion exists regarding the August 10, 2012 Orders.   See Valdovinos v. McGrath, No. C02 1704 CW, 2007 WL 2023505, *3-4 (N.D. Cal. July 12, 2007).

Defendants' request for an interlocutory order under 28 U.S.C. § 1292(b) is **DENIED**.


## CONCLUSION

In accordance with the foregoing, Defendant Anova Food, LLC's Motion for Reconsideration (ECF No. 112) is **DENIED.**

Defendant Anova Food, Inc.'s  Motion for Reconsideration (ECF No. 115) is **DENIED.**

Defendant Clearsmoke Technologies, Ltd.'s Motion for Reconsideration (ECF No. 113) is **DENIED.**

//

//

//

//

//

36

Defendants Anova Food, LLC, Anova Food, Inc., and Clearsmoke Technologies, Ltd.'s requests for an interlocutory order under 28 U.S.C. § 1292(b) are **DENIED**.


IT IS SO ORDERED.

DATED: July 31, 2013, Honolulu, Hawaii.



                                        /S/ Helen Gillmor
                          _____
                          Helen Gillmor
                          United States District Judge


William R. Kowalski; Hawaii International Seafood, Inc. v. Anova Food, LLC; Anova Food, Inc.; Clearsmoke Technologies, Ltd.; DOES 1-10; Civil No. 11-00795 HG-RLP; **ORDER DENYING DEFENDANT ANOVA FOOD, LLC's MOTION FOR RECONSIDERATION (ECF No. 112) AND DENYING DEFENDANT CLEARSMOKE TECHNOLOGIES, LTD.'S MOTION FOR RECONSIDERATION (ECF No. 113) AND DENYING DEFENDANT ANOVA FOOD, INC.'S MOTION FOR RECONSIDERATION (ECF No. 115) AND DENYING DEFENDANTS' REQUEST FOR AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**