IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI; HAWAII INTERNATIONAL SEAFOOD, INC., </br></br>   Plaintiffs, </br></br>   vs. </br></br> ANOVA FOOD, LLC; ANOVA FOOD, INC.; CLEARSMOKE TECHNOLOGIES, LTD; and DOES 1-10, </br></br>   Defendants. | Civil NO. 11-00795HG-RLP |

**ORDER FINDING DEFENDANTS ANOVA FOOD, INC. AND ANOVA FOOD, LLC ARE NOT PRECLUDED FROM ASSERTING A PATENT INVALIDITY DEFENSE**

On October 26, 1999, Plaintiff William R. Kowalski was issued United States Patent No. 5,972,401, entitled "Process For Manufacturing Tasteless Super-Purified Smoke For Treating Seafood To Be Frozen And Thawed."

On December 29, 2011, Plaintiffs Kowalski and Hawaii International Seafood, Inc. filed the current suit for patent infringement, false advertising and promotion pursuant to the Lanham Act, and violation of state statutes.

In their Answers filed on May 8, 2013, Defendants Anova Food Inc. and Anova Food, LLC pled the affirmative defense that Plaintiffs' patent is invalid. There is no counterclaim in this matter.

1

The Court requested briefing from the Parties concerning the affirmative defense of patent invalidity.

The Court finds that Defendants Anova Food, Inc. and Anova Food, LLC are not precluded from asserting the affirmative defense of patent invalidity.

## PROCEDURAL HISTORY

On January 2, 2012, Plaintiffs William R. Kowalski and Hawaii International Seafood, Inc. filed the First Amended Complaint. (ECF No. 6).

On May 8, 2013, Defendant Anova Food, LLC filed its ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT. (ECF No. 161).

On the same date, Defendant Anova Food, Inc. filed its ANSWER. (ECF No. 162).

On January 28, 2014, Defendant Anova Food, LLC filed a Motion to Amend the Scheduling Order to permit it to file a counterclaim for patent invalidity. (ECF No. 269).

On February 3, 2014, the Court held a Claim Construction Hearing. (ECF No. 277). At the hearing, the Court ordered the Parties to file briefs to address the issue of whether patent invalidity may be asserted. (Id.)

On February 19, 2014, Defendant Anova Food, Inc. filed its BRIEF REGARDING AFFIRMATIVE DEFENSE OF PATENT INVALIDITY. (ECF No. 291).

On the same date, Defendant Anova Food, LLC filed its BRIEF REGARDING WHETHER PATENT INVALIDITY MAY BE ASSERTED BY DEFENDANTS. (ECF No. 292).

On March 6, 2014, the Magistrate Judge issued an ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ANOVA FOOD, LLC'S MOTION TO AMEND SCHEDULING ORDER. (ECF No. 303). Defendant Anova Food, LLC's request to extend the deadline to file a counterclaim was denied. (Id.)

On March 12, 2014, Plaintiffs William R. Kowalski and Hawaii International Seafood, Inc. filed their RESPONSE. (ECF No. 304).

On March 26, 2014, Defendant Anova Food, Inc. filed a SUBMISSION OF RELEVANT AUTHORITY. (ECF No. 309).

On March 28, 2014, Defendant Anova Food, LLC filed a JOINDER IN DEFENDANT ANOVA FOOD, INC.'S SUBMISSION OF RELEVANT AUTHORITY. (ECF No. 310).

**LEGAL STANDARD**

The answer must state in short and plain terms the defendant's defenses to each claim asserted against it. Fed. R. Civ. P. 8(b)(1)(A).

An affirmative defense must be pled with enough specificity or factual particularity to give plaintiff fair notice of the defense being advanced. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1023 (9th Cir. 2010).

An answer cannot be used to obtain affirmative relief

against the plaintiff. Ralston-Purina Co. v. Bertie, 541 F.2d 1363, 1367 (9th Cir. 1976); Schwarzer, Tashima & Wagstaffe, Fed. Civ. Pro. Before Trial ¶ 8:1065 (2014). A separate counterclaim must be pled for affirmative relief. Fed. R. Civ. P. 13.

**ANALYSIS**

On October 26, 1999, Plaintiff William R. Kowalski was issued United States Patent No. 5,972,401 (" '401 Patent"). The '401 Patent is presumed valid. 35 U.S.C. § 282.

Patent invalidity may be pled as an affirmative defense. 35 U.S.C. § 282(b). The burden of establishing invalidity of a patent rests on the party asserting such invalidity. Id.

A district court may, but is not required to, resolve the issue of validity when invalidity is raised only as an affirmative defense. Multiform Desiccants, Inc. v. Medzam Ltd., 133 F.3d 1473, 1481 (Fed. Cir. 1998); Hill-Rom Co., Inc. v. Kinetic Concepts, Inc., 209 F.3d 1337, 1344 (Fed. Cir. 2000). A court's invalidity ruling that is not necessary to the outcome of the first action does not have collateral estoppel effect in any possible future dispute between the same parties involving the same patent. In re Freeman, 30 F.3d 1459, 1465-67 (Fed. Cir. 1994).

**I. Defendants Pled Invalidity as an Affirmative Defense**

Defendants Anova Food, Inc. ("Anova Inc") and Anova Food, LLC ("Anova LLC") have raised invalidity as an affirmative defense.

In its Answer, Defendant Anova Inc asserted that Plaintiffs' patent is invalid because of indefiniteness. (Defendant Anova Inc's Answer at pp. 6-7, ECF No. 162). Defendant Anova Inc also pled patent invalidity for obviousness in light of prior art. (Id.) Defendant Anova Inc also stated that its invalidity defense was based on "the reasons set forth in Anova Inc.'s *Inter Partes* Review of the '401 Patent filed January 17, 2013 in the U.S. Patent and Trademark Office." (Id.)

Defendant Anova LLC's Answer contained the same invalidity defense pleadings as Defendant Anova Inc's Answer. (Defendant Anova LLC's Answer at p. 6, ECF No. 161).

Defendants concede that their Answers do not contain counterclaims. (Defendant Anova Inc's Brief at p. 2, ECF No. 291; Defendant Anova LLC's Brief at p. 5). Defendants did not bring a timely counterclaim for invalidity and are not permitted to bring one at this late stage in the proceedings. (Order Granting In Part And Denying In Part Defendant Anova Food, LLC's Motion To Amend Scheduling Order at p. 3-4, ECF No. 303).

The United States Court of Appeals for the Federal Circuit has recognized that a district court may consider patent

5

invalidity when it is raised as a defense to infringement without an accompanying counterclaim.  Boss Control, Inc. v. Bombardier Inc., 410 F.3d 1372, 1375 (Fed. Cir. 2005).  The Federal Circuit Court of Appeals has explained that when a district court finds a patent was not infringed, it need not enter a judgment as to the issue of invalidity when invalidity was only pled as an affirmative defense.  Lighting World, Inc. v. Birchwood Lighting, Inc., 382 F.3d 1354, 1366 (Fed. Cir. 2004); Prima Tek II, LLC v. Polypap, S.A.R.L., 318 F.3d 1143, 1152-53 (Fed. Cir. 2003); Watts v. XL Sys. Inc., 232 F.3d 877, 879n.1 (Fed. Cir. 2000); Multiform Desiccants, Inc., 133 F.3d at 1481.

**II.  Defendants Are Not Precluded From Raising Patent Invalidity As A Defense**

The United States Supreme Court has recognized the federal courts' traditional adherence to the preclusion doctrines of res judicata and collateral estoppel.  Allen v. McCurry, 449 U.S. 90, 94 (1980).  "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Id.  "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."

Id. These common law doctrines relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication by preventing inconsistent decisions. Id.

Plaintiffs argue that Defendants are precluded from asserting a patent invalidity defense because of a previous judgment issued by another federal district court.

Defendant Anova Inc filed lawsuits against Plaintiffs in 2003 and 2004 in the U.S. District Court for the Northern District of Georgia, Atlanta Division. (Civ. No. 03-815BBM, Civ. No. 03-2325WBH, Civ. No. 04-775JTC, Plaintiffs' Exs. 1, 2, 3, ECF No. 304).

On March 25, 2003, Defendant Anova Inc filed a complaint against Plaintiffs in the U.S. District Court for the Northern District of Georgia, Atlanta Division in Civ. No. 03-0815BBM. (Plaintiffs' Ex. 1, ECF No. 304). On August 21, 2003, Judgment was issued in Civ. No. 03-0815BBM. The case was dismissed for Anova Inc's "failure to execute service of process pursuant to Local Rule 41.2(B)." (Id.)

On August 1, 2003, Defendant Anova Inc filed a second complaint against Plaintiffs in the U.S. District Court for the Northern District of Georgia, Atlanta Division in Civ. No. 03-2325WBH. (Plaintiffs' Ex. 2, ECF No. 304). On December 30, 2003, Judgment was issued in Civ. No. 03-2325WBH. Once again the

7

same court ruled the case was "dismissed without prejudice for failure to effectuate service of process pursuant to LR 41.2(B) and Fed. R. Civ. P. 4." (Id.)

On March 18, 2004, Defendant Anova Inc filed a third complaint against Plaintiffs in the same U.S. District Court for the Northern District of Georgia, Atlanta Division in Civ. No. 04-0775JTC. (Plaintiffs' Ex. 3, ECF No. 304). Plaintiffs rely on the Judgment issued by the federal court in the third lawsuit, Civ. No. 04-775, to argue that Defendants are precluded from bringing an invalidity defense.

The Judgment in Civ. No. 04-775 dismissed Anova Inc's action "for failure to prosecute" pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.3(A)(3). (Id.) Federal Rule of Civil Procedure 41(b) provides for involuntary dismissals when the plaintiff fails to prosecute. Local Rule 41.3(A)(3) for the District Court for the Northern District of Georgia, Atlanta Division permits dismissal when the case has been pending for more than six months without substantial proceedings on the record. Plaintiffs assert that the dismissal in Civ. No. 04-775 has claim preclusive effect because the dismissal, pursuant to Federal Rule of Civil Procedure 41(b), was an "adjudication on the merits."

In Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 501-02 (2001), the United States Supreme Court considered the

effect of a dismissal pursuant to Rule 41(b). The United States Supreme Court held that an "adjudication on the merits" pursuant to Rule 41(b) does not necessarily have preclusive effect in other courts. Id. at 503. Only a judgment that "actually passes directly on the substance of a particular claim before the court ... triggers the doctrine of res judicata or claim preclusion." Id. at 501-02; see Headwaters Inc. v. U.S. Forest Service, 399 F.3d 1047, 1053n.4 (9th Cir. 2005) (recognizing that a dismissal with prejudice pursuant to Rule 41 may not have claim preclusive effect in another court).

The Judgment in Civ. No. 04-775 did not rule directly on the substance of Defendants' claim that the '401 Patent is invalid. The dismissal pursuant to the Atlanta federal district court's Local Rule demonstrates that dismissal was not based on the substance of the claim but was entered because the case was pending for more than six months without any substantial proceedings of record. U.S. District Court for the Northern District of Georgia, Atlanta Division L.R. 41.3(A)(3). The Judgment itself states that dismissal was issued due to Anova Inc's "failure to prosecute." (Plaintiffs' Ex. 3, ECF No. 304). The federal district court did not consider the substance of Anova Inc's invalidity claim.

Defendants are not precluded from asserting the affirmative defense of invalidity. The Judgment issued by the District Court

for the Northern District of Georgia, Atlanta Division in Civ. No. 04-775 does not bar Defendants from asserting a patent invalidity defense in this Court. Semtek Int'l Inc., 531 U.S. at 501-03.

**CONCLUSION**

Defendants pled patent invalidity as an affirmative defense. Defendants are not precluded from raising the defense that the '401 Patent is invalid.

IT IS SO ORDERED.

Dated: May 14, 2014, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI; HAWAII INTERNATIONAL SEAFOOD, INC., <br><br>            Plaintiffs,<br><br>      vs.<br><br>ANOVA FOOD, LLC; ANOVA FOOD, INC.; CLEARSMOKE TECHNOLOGIES, LTD; and DOES 1-10,<br><br>            Defendants. | Civil NO. 11-00795HG-RLP |

**ORDER FINDING DEFENDANTS ANOVA FOOD, INC. AND ANOVA FOOD, LLC ARE NOT PRECLUDED FROM ASSERTING A PATENT INVALIDITY DEFENSE**

On October 26, 1999, Plaintiff William R. Kowalski was issued United States Patent No. 5,972,401, entitled "Process For Manufacturing Tasteless Super-Purified Smoke For Treating Seafood To Be Frozen And Thawed."

On December 29, 2011, Plaintiffs Kowalski and Hawaii International Seafood, Inc. filed the current suit for patent infringement, false advertising and promotion pursuant to the Lanham Act, and violation of state statutes.

In their Answers filed on May 8, 2013, Defendants Anova Food Inc. and Anova Food, LLC pled the affirmative defense that Plaintiffs' patent is invalid. There is no counterclaim in this matter.

1

The Court requested briefing from the Parties concerning the affirmative defense of patent invalidity.

The Court finds that Defendants Anova Food, Inc. and Anova Food, LLC are not precluded from asserting the affirmative defense of patent invalidity.

**PROCEDURAL HISTORY**

On January 2, 2012, Plaintiffs William R. Kowalski and Hawaii International Seafood, Inc. filed the First Amended Complaint. (ECF No. 6).

On May 8, 2013, Defendant Anova Food, LLC filed its ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT. (ECF No. 161).

On the same date, Defendant Anova Food, Inc. filed its ANSWER. (ECF No. 162).

On January 28, 2014, Defendant Anova Food, LLC filed a Motion to Amend the Scheduling Order to permit it to file a counterclaim for patent invalidity. (ECF No. 269).

On February 3, 2014, the Court held a Claim Construction Hearing. (ECF No. 277). At the hearing, the Court ordered the Parties to file briefs to address the issue of whether patent invalidity may be asserted. (Id.)

On February 19, 2014, Defendant Anova Food, Inc. filed its BRIEF REGARDING AFFIRMATIVE DEFENSE OF PATENT INVALIDITY. (ECF No. 291).

On the same date, Defendant Anova Food, LLC filed its BRIEF REGARDING WHETHER PATENT INVALIDITY MAY BE ASSERTED BY DEFENDANTS. (ECF No. 292).

On March 6, 2014, the Magistrate Judge issued an ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ANOVA FOOD, LLC'S MOTION TO AMEND SCHEDULING ORDER. (ECF No. 303). Defendant Anova Food, LLC's request to extend the deadline to file a counterclaim was denied. (Id.)

On March 12, 2014, Plaintiffs William R. Kowalski and Hawaii International Seafood, Inc. filed their RESPONSE. (ECF No. 304).

On March 26, 2014, Defendant Anova Food, Inc. filed a SUBMISSION OF RELEVANT AUTHORITY. (ECF No. 309).

On March 28, 2014, Defendant Anova Food, LLC filed a JOINDER IN DEFENDANT ANOVA FOOD, INC.'S SUBMISSION OF RELEVANT AUTHORITY. (ECF No. 310).

**LEGAL STANDARD**

The answer must state in short and plain terms the defendant's defenses to each claim asserted against it. Fed. R. Civ. P. 8(b)(1)(A).

An affirmative defense must be pled with enough specificity or factual particularity to give plaintiff fair notice of the defense being advanced. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1023 (9th Cir. 2010).

An answer cannot be used to obtain affirmative relief

3

against the plaintiff. <u>Ralston-Purina Co. v. Bertie</u>, 541 F.2d 1363, 1367 (9th Cir. 1976); Schwarzer, Tashima & Wagstaffe, Fed. Civ. Pro. Before Trial ¶ 8:1065 (2014). A separate counterclaim must be pled for affirmative relief. Fed. R. Civ. P. 13.

**ANALYSIS**

On October 26, 1999, Plaintiff William R. Kowalski was issued United States Patent No. 5,972,401 (" '401 Patent"). The '401 Patent is presumed valid. 35 U.S.C. § 282.

Patent invalidity may be pled as an affirmative defense. 35 U.S.C. § 282(b). The burden of establishing invalidity of a patent rests on the party asserting such invalidity. <u>Id.</u>

A district court may, but is not required to, resolve the issue of validity when invalidity is raised only as an affirmative defense. <u>Multiform Desiccants, Inc. v. Medzam Ltd.</u>, 133 F.3d 1473, 1481 (Fed. Cir. 1998); <u>Hill-Rom Co., Inc. v. Kinetic Concepts, Inc.</u>, 209 F.3d 1337, 1344 (Fed. Cir. 2000). A court's invalidity ruling that is not necessary to the outcome of the first action does not have collateral estoppel effect in any possible future dispute between the same parties involving the same patent. <u>In re Freeman</u>, 30 F.3d 1459, 1465-67 (Fed. Cir. 1994).

## I. Defendants Pled Invalidity as an Affirmative Defense

Defendants Anova Food, Inc. ("Anova Inc") and Anova Food, LLC ("Anova LLC") have raised invalidity as an affirmative defense.

In its Answer, Defendant Anova Inc asserted that Plaintiffs' patent is invalid because of indefiniteness. (Defendant Anova Inc's Answer at pp. 6-7, ECF No. 162). Defendant Anova Inc also pled patent invalidity for obviousness in light of prior art. (Id.) Defendant Anova Inc also stated that its invalidity defense was based on "the reasons set forth in Anova Inc.'s *Inter Partes* Review of the '401 Patent filed January 17, 2013 in the U.S. Patent and Trademark Office." (Id.)

Defendant Anova LLC's Answer contained the same invalidity defense pleadings as Defendant Anova Inc's Answer. (Defendant Anova LLC's Answer at p. 6, ECF No. 161).

Defendants concede that their Answers do not contain counterclaims. (Defendant Anova Inc's Brief at p. 2, ECF No. 291; Defendant Anova LLC's Brief at p. 5). Defendants did not bring a timely counterclaim for invalidity and are not permitted to bring one at this late stage in the proceedings. (Order Granting In Part And Denying In Part Defendant Anova Food, LLC's Motion To Amend Scheduling Order at p. 3-4, ECF No. 303).

The United States Court of Appeals for the Federal Circuit has recognized that a district court may consider patent

invalidity when it is raised as a defense to infringement without an accompanying counterclaim. Boss Control, Inc. v. Bombardier Inc., 410 F.3d 1372, 1375 (Fed. Cir. 2005). The Federal Circuit Court of Appeals has explained that when a district court finds a patent was not infringed, it need not enter a judgment as to the issue of invalidity when invalidity was only pled as an affirmative defense. Lighting World, Inc. v. Birchwood Lighting, Inc., 382 F.3d 1354, 1366 (Fed. Cir. 2004); Prima Tek II, LLC v. Polypap, S.A.R.L., 318 F.3d 1143, 1152-53 (Fed. Cir. 2003); Watts v. XL Sys. Inc., 232 F.3d 877, 879n.1 (Fed. Cir. 2000); Multiform Desiccants, Inc., 133 F.3d at 1481.

## II. Defendants Are Not Precluded From Raising Patent Invalidity As A Defense

The United States Supreme Court has recognized the federal courts' traditional adherence to the preclusion doctrines of res judicata and collateral estoppel. Allen v. McCurry, 449 U.S. 90, 94 (1980). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Id. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."

Id. These common law doctrines relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication by preventing inconsistent decisions. Id.

Plaintiffs argue that Defendants are precluded from asserting a patent invalidity defense because of a previous judgment issued by another federal district court.

Defendant Anova Inc filed lawsuits against Plaintiffs in 2003 and 2004 in the U.S. District Court for the Northern District of Georgia, Atlanta Division. (Civ. No. 03-815BBM, Civ. No. 03-2325WBH, Civ. No. 04-775JTC, Plaintiffs' Exs. 1, 2, 3, ECF No. 304).

On March 25, 2003, Defendant Anova Inc filed a complaint against Plaintiffs in the U.S. District Court for the Northern District of Georgia, Atlanta Division in Civ. No. 03-0815BBM. (Plaintiffs' Ex. 1, ECF No. 304). On August 21, 2003, Judgment was issued in Civ. No. 03-0815BBM. The case was dismissed for Anova Inc's "failure to execute service of process pursuant to Local Rule 41.2(B)." (Id.)

On August 1, 2003, Defendant Anova Inc filed a second complaint against Plaintiffs in the U.S. District Court for the Northern District of Georgia, Atlanta Division in Civ. No. 03-2325WBH. (Plaintiffs' Ex. 2, ECF No. 304). On December 30, 2003, Judgment was issued in Civ. No. 03-2325WBH. Once again the

same court ruled the case was "dismissed without prejudice for failure to effectuate service of process pursuant to LR 41.2(B) and Fed. R. Civ. P. 4." (Id.)

On March 18, 2004, Defendant Anova Inc filed a third complaint against Plaintiffs in the same U.S. District Court for the Northern District of Georgia, Atlanta Division in Civ. No. 04-0775JTC. (Plaintiffs' Ex. 3, ECF No. 304). Plaintiffs rely on the Judgment issued by the federal court in the third lawsuit, Civ. No. 04-775, to argue that Defendants are precluded from bringing an invalidity defense.

The Judgment in Civ. No. 04-775 dismissed Anova Inc's action "for failure to prosecute" pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.3(A)(3). (Id.) Federal Rule of Civil Procedure 41(b) provides for involuntary dismissals when the plaintiff fails to prosecute. Local Rule 41.3(A)(3) for the District Court for the Northern District of Georgia, Atlanta Division permits dismissal when the case has been pending for more than six months without substantial proceedings on the record. Plaintiffs assert that the dismissal in Civ. No. 04-775 has claim preclusive effect because the dismissal, pursuant to Federal Rule of Civil Procedure 41(b), was an "adjudication on the merits."

In Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 501-02 (2001), the United States Supreme Court considered the

effect of a dismissal pursuant to Rule 41(b). The United States Supreme Court held that an "adjudication on the merits" pursuant to Rule 41(b) does not necessarily have preclusive effect in other courts. Id. at 503. Only a judgment that "actually passes directly on the substance of a particular claim before the court ... triggers the doctrine of res judicata or claim preclusion." Id. at 501-02; see Headwaters Inc. v. U.S. Forest Service, 399 F.3d 1047, 1053n.4 (9th Cir. 2005) (recognizing that a dismissal with prejudice pursuant to Rule 41 may not have claim preclusive effect in another court).

The Judgment in Civ. No. 04-775 did not rule directly on the substance of Defendants' claim that the '401 Patent is invalid. The dismissal pursuant to the Atlanta federal district court's Local Rule demonstrates that dismissal was not based on the substance of the claim but was entered because the case was pending for more than six months without any substantial proceedings of record. U.S. District Court for the Northern District of Georgia, Atlanta Division L.R. 41.3(A)(3). The Judgment itself states that dismissal was issued due to Anova Inc's "failure to prosecute." (Plaintiffs' Ex. 3, ECF No. 304). The federal district court did not consider the substance of Anova Inc's invalidity claim.

Defendants are not precluded from asserting the affirmative defense of invalidity. The Judgment issued by the District Court

for the Northern District of Georgia, Atlanta Division in Civ. No. 04-775 does not bar Defendants from asserting a patent invalidity defense in this Court. Semtek Int'l Inc., 531 U.S. at 501-03.

**CONCLUSION**

Defendants pled patent invalidity as an affirmative defense. Defendants are not precluded from raising the defense that the '401 Patent is invalid.

IT IS SO ORDERED.

Dated: May 14, 2014, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge