IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI; HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>ANOVA FOOD, LLC; DOES 1-10,<br><br>Defendants. | ) | Civil NO. 11-00795 HG-RLP |

**ORDER DENYING ANOVA FOOD, LLC'S MOTION TO STRIKE (ECF No. 380)**

Defendant Anova Food, LLC seeks to strike Plaintiffs' Counter Motion for Partial Summary Judgment (ECF No. 365). Plaintiffs' Counter Motion was filed along with their Opposition to Defendant's Motion for Summary Judgment. Defendant argues it is untimely because it was filed after the dispositive motions deadline set in the Rule 16 Scheduling Order.

Defendant's Motion to Strike (ECF No. 380) is **DENIED**.

Plaintiffs have shown good cause for filing their Counter Motion after the Rule 16 deadline. Plaintiffs' Counter Motion addresses only issues raised in Defendant's Motion for Summary Judgment. Judicial economy supports considering Plaintiffs' Counter Motion as it may assist in narrowing the issues for trial.

## PROCEDURAL HISTORY

On July 8, 2013, the Second Amended Rule 16 Scheduling Order was issued. (ECF No. 205). The Scheduling Order set October 15, 2014, as the deadline for filing dispositive motions.

On October 15, 2014, Defendant Anova Food, LLC filed its Motion for Summary Judgment. (ECF No. 348).

On November 19, 2014, Plaintiffs filed an Opposition to Defendant's Motion for Summary Judgment along with a Counter Motion for Partial Summary Judgment. (ECF No. 365).

On November 25, 2014, Defendant Anova Food, LLC. filed DEFENDANT ANOVA FOOD, LLC'S MOTION TO STRIKE. (ECF No. 380).

On December 5, 2014, Plaintiffs filed PLAINTIFFS WILLIAM R. KOWALSKI AND HAWAII INTERNATIONAL SEAFOOD, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT ANOVA FOOD, LLC'S MOTION TO STRIKE. (ECF No. 392).

The Court elected to consider Defendant's Motion to Strike (ECF No. 380) without a hearing pursuant to Local Rule 7.2(d).

## LEGAL STANDARD

The Rule 16 Scheduling Order controls the course of litigation. Fed. R. Civ. P. 16(b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).

Pursuant to Rule 16(b)(4), Plaintiffs must show good cause for not having filed their Counter Motion before the time

specified in the scheduling order expired. See Johnson, 975 F.2d at 608-09. This standard "primarily considers the diligence of the party seeking the amendment." Id. at 609. If the party seeking the modification was not diligent, the court should deny the motion. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

## ANALYSIS

### I. Plaintiffs Have Shown Good Cause For Filing Its Counter Motion After the Rule 16 Deadline

A plaintiff may establish good cause for filing his motion as a counter motion after the dispositive motion deadline by demonstrating that he was not fully aware of the issues in support of summary judgment before the dispositive motions deadline. See B.T. ex rel Mary T. v. Dept. of Educ. State of Hawaii, 637 F.Supp.2d 856, 867 (D. Haw. 2009).

Defendant Anova Food, LLC seeks summary judgment on the issues of equitable estoppel, laches, and patent infringement. (Def.'s Motion for Summary Judgment, ECF No. 348). Plaintiffs have explained that they were not "fully aware of the [laches and equitable estoppel] arguments in the opposing party's summary judgment motion before the dispositive motion deadline." (Pla.'s Opp. at p. 7, ECF No. 392).

Plaintiffs have provided evidence that Defendant Anova Food, LLC did not disclose the basis for its equitable estoppel defense

in either its Initial Disclosures or its Response to Interrogatories. (Id. at pp. 7-9; Anova Food, LLC's Response to Interrogatories and Initial Disclosures, Pla.'s Exs. C, D, ECF No. 329-10, 11). Defendant Anova Food, LLC stated a general "estoppel/laches" defense in its Answer but did not provide the basis for either defense. (ECF No. 161).

In July 2014, Plaintiffs were made aware that Anova Food, Inc., sought to rely on a laches defense when Anova Food, Inc. provided Plaintiffs with a copy of a draft Motion for Summary Judgment prior to their dismissal from the case. (Draft of Anova Food, Inc.'s Motion, Pla.'s Exs. A, B, ECF No.392-2, 3; Pla.'s Opp. at p. 7, ECF No. 392). Defendant Anova Food, LLC did not provide the same disclosure and Plaintiffs were not fully aware of the basis of its laches defense prior to October 15, 2014.

Plaintiffs have established good cause. Plaintiffs filed their Counter Motion for Summary Judgment after they were made aware of the basis of Defendant's equitable estoppel and laches defenses.

## II. Plaintiffs' Counter Motion Complies with Local Rule 7.9 and Only Addresses Issues Raised in Defendant's Motion for Summary Judgment

District of Hawaii Local Rule 7.9 provides that any motion raising the same subject matter as an original motion may be filed by the responding party together with the party's

opposition.

Plaintiffs' Counter Motion complies with the District of Hawaii Local Rule 7.9. Plaintiffs' Counter Motion only addresses the two equitable defenses raised in Defendant's Motion for Summary Judgment.

Plaintiffs have not pointed to any prejudice it would suffer in addressing Plaintiffs' Counter Motion as it addresses the same issues raised in its motion.

Several courts have declined to strike an otherwise untimely cross-motion for summary judgment when the cross-motion only addresses the issues raised in the original motion. Tran v. Captain Glyn, Inc., 909 F.Supp. 727, 731 (D. Haw. 1995); Aspen Specialty Ins. Co. v. Utah Local Gov't Trust, 954 F.Supp.2d 1311, 1313 (D. Utah 2013); Hummel v. St. Joseph Bd. Of Commissioners, 2014 WL 4843715, *2 (N.D. Ind. Sept. 29, 2014).

Courts have declined to strike late-filed counter motions for summary judgment when considering such motions would benefit judicial economy and narrow the issues for trial. Dayton Valley Investors, LLC v. Union Pacific R. Co., 664 F.Supp.2d 1174, 1179 (D. Nev. 2009).

In Connecticut Indem. Co. v. 21st Century Trans. Co., 186 F.Supp.2d 264, 269 (E.D.N.Y. 2002), the court explained that it is appropriate to consider a cross-motion that seeks summary judgment on the same claims because it "would be a strange result

indeed if the Court only considered [one party's] motion, determined that there was no genuine issues in dispute . . . and yet refused to grant summary judgment . . . forcing its claims to go to trial."

The Court finds good cause and the interests of justice mitigate in favor of considering Plaintiffs' Counter Motion for Summary Judgment (ECF No. 365).

## CONCLUSION

Defendant Anova Food, LLC's Motion to Strike (ECF No. 380) is **DENIED**.

IT IS SO ORDERED.

Dated: December 10, 2014, Honolulu, Hawaii.




/s/ Helen Gillmor

Helen Gillmor
United States District Judge